**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DOW INC., THE DOW CHEMICAL COMPANY, JIM FITTERLING, JEFFREY L. TATE, and KAREN S. CARTER,<br><br>Defendants. | Case No. 2:25-cv-12744-TLL-PTM<br><br>District Judge Thomas L. Ludington<br><br>Magistrate Judge Patricia T. Morris<br><br>CLASS ACTION |

**MOTION OF CHARLES JOHNSON TO: (1) APPOINT LEAD PLAINTIFF AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**

1

**PLEASE TAKE NOTICE** that pursuant to pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), movant Charles Johnson ("Movant") hereby moves this Court, the Honorable Thomas L. Ludington, United States District Court Judge, on a date and at a time to be designated by the Court, for an order: (a) appointing Movant to serve as Lead Plaintiff in this action; and (b) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel and Fink Bressack as Local Counsel for the litigation.

E.D. Mich. LR 7.1(a) requires parties to seek a concurrence prior to filing motions. The undersigned counsel certifies that counsel made a limited attempt to seek concurrence in the relief requested by this motion because, pursuant to the PSLRA, any class member, regardless of whether that class member filed a complaint, may file a motion for appointment as lead plaintiff. As there is no way for Movant to know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions, Movant was unable to conduct a conference. Under these circumstances, Movant respectfully requests that the requirement of E.D. Mich. LR 7.1(a) be waived in this instance.

In support of this Motion, Movant submits: (i) the Memorandum of Law dated October 28, 2025; and (ii) the Index of Exhibits and exhibits attached thereto.

2

Dated: October 28, 2025   Respectfully submitted,

**FINK BRESSACK**

*/s/ Nathan J. Fink*
David H. Fink (P28235)
Nathan J. Fink (P75185)
38500 Woodward Avenue, Suite
350 Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
Email: dfink@finkbressack.com
   nfink@finkfbressack.com

*[Proposed] Local Counsel for Lead Plaintiff
and Class*

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff
and Class*

3

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

| | |
|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:25-cv-12744-TLL-PTM |
| | District Judge Thomas L. Ludington |
| Plaintiff, | Magistrate Judge Patricia T. Morris |
| v. | <u>CLASS ACTION</u> |
| DOW INC., THE DOW CHEMICAL COMPANY, JIM FITTERLING, JEFFREY L. TATE, and KAREN S. CARTER, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CHARLES JOHNSON TO: (1) APPOINT LEAD PLAINTIFF AND (2) APPROVE LEAD <u>PLAINTIFF'S SELECTION OF COUNSEL</u>**

i

## <u>STATEMENT OF THE ISSUES PRESENTED</u>

1. Whether the Court should appoint Charles Johnson as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B).

2. Whether the Court should approve Charles Johnson's selection of The Rosen Law Firm, P.A. as Lead Counsel and Fink Bressack as Local Counsel for the putative class under 15 U.S.C. § 78u-4(a)(3)(B)(v).

ii

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

The lead plaintiff provisions of the Private Securities Litigation Reform Act,

15 U.S.C. §78u-4(a)(3), *et seq*.

Movant Charles Johnson ("Movant") respectfully submits this Memorandum of Law in support of his Motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of Dow Inc. ("Dow" or the "Company") securities between January 30, 2025 and July 23, 2025, both dates inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel and Fink Bressack as Local Counsel for the Class.

## A.    INTRODUCTION AND BACKGROUND

On August 29, 2025, this action was commenced against the Company, Jim Fitterling ("Fitterling"), Jeffrey L. Tate, and Karen S. Carter (collectively, "Defendants") for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was issued advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Exhibit 1 (PSLRA Early Notice).

Dow is an American materials science company that conducts its operations through six global businesses organized into three operating segments: (1)

1

Packaging & Specialty Plastics; (2) Industrial Intermediates & Infrastructure; and (3) Performance Materials & Coatings.

Historically, Dow has touted its "industry-leading dividend." Dow's Chief Executive Officer, Defendant Fitterling, had pointed out on conference calls with investors and analysts that the Company's "dividend is a key element of our investment thesis" and that "north of 65% of our owners count on that dividend."

Throughout the Class Period, despite an ongoing slump in the material sciences industry, as well as the recent onset of tariff-related market uncertainties, Defendants made materially false and misleading statements. Specifically, Defendants created the false impression that the Company was well positioned to weather the headwinds while maintaining sufficient levels of financial flexibility to support the Company's lucrative dividend because of, *inter alia*, the Company's purported "differentiated portfolio," "cost-advantaged footprint," and "industry-leading flexibility to navigate global trade dynamics." This impression was overstated. Consequently, Defendants understated the true scope and severity of the foregoing headwinds' negative impacts on Dow's business and financial condition, particularly with respect to competitive pricing pressures, softening global sales and demand for the Company's products, and an oversupply of products in the global markets. As a result, Defendants' public statements were materially false and misleading at all relevant times.

2

Then on June 23, 2025, BMO Capital ("BMO") downgraded its recommendation on Dow from "Market Perform" to "Underperform." Citing sustained weakness across key end markets and mounting pressure on the Company's dividend, BMO also cut its price target on the Company's stock to $22.00 per share from $29.00 per share.

On this news, Dow's stock price fell $0.89 per share, or 3.21%, to close at $26.87 per share on June 23, 2025.

Then on June 24, 2025, Dow issued a press release reporting its financial results for the second quarter of 2024. The Company announced non-GAAP[1] loss per share of $0.42, significantly larger than the approximate $0.17 to $0.18 per share loss expected by analysts. Dow also reported net sales of $10.1 billion, representing a 7.3% year-over-year decline, "reflecting declines in all operating segments," and missing consensus estimates by $130 million. The Company further reported, *inter alia,* that "[s]equentially, net sales were down 3%, as seasonally higher demand in Performance Materials & Coatings was more than offset by declines across the other operating segments." Defendant Fitterling blamed these disappointing results on "the lower-for-longer earnings environment that our industry is facing, amplified by recent trade and tariff uncertainties," while providing a bleak outlook marked by

---

[1] "GAAP" refers to generally accepted accounting principles.

3

"signs of oversupply from newer market entrants who are exporting to various regions at anti-competitive economics."

In a separate press release issued that same day, Dow revealed that it was cutting its dividend in half, from $0.70 per share of only $0.35 per share, citing the need for "financial flexibility amidst a persistently challenging macroeconomic environment."

On this news, Dow's stock price fell $5.30 per share, or 17.45%, to close at $25.07 per share on July 24, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## B.   ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

4

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Ruckel v. Ford Motor Co.*, No. 17-cv-13536, 2018 WL 783534, at *1 (E.D. Mich. Feb. 7, 2018).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

**A. Movant Is Willing to Serve as Class Representative**

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Exhibit 2 (PSLRA certification). Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

**B. Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In determining which movant has the largest financial interest, courts have adopted the four factors outlined in *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036, (N.D. Ill. Aug. 11, 1997); *see Pio v. Gen. Motors Co.*, 2014 WL 5421230, at *4 (E.D.

5

Mich. Oct. 24, 2014). The *Lax* factors are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (i.e., shares purchased during and retained at the end of the class period); (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Id.*

While some Courts weigh the last *Lax* factor more heavily, other Courts weigh all the factors. *City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*, 2017 WL 6028213, at *2 (N.D. Ohio Dec. 5, 2017) ("As the approximate losses suffered is an element of the Lax test, this Court will weigh all four factors to select the lead plaintiff in this case. All four factors will be given equal weight."); *see also General Motors*, 2014 WL 5421230, at *4 ("the first three factors provide the most objective measurement of a movant's stake in the litigation because the fourth factor is heavily dependent on the method applied and numbers chosen to calculate losses.").

Here, Movant: (1) purchased 10,500 shares during the Class Period; (2) retained 10,500 shares at the end of the Class Period; (3) acquired net shares of $283,080.00 during the Class Period; and (4) lost $37,825.07 in connection with his purchases of Dow securities. *See* Exhibit 3 (Movant's loss chart). Movant is not aware of any other movant that has suffered greater losses in Dow's securities during

6

the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *See Ford Motor Co.*, 2018 WL 783534, at *2 ("At [the lead plaintiff selection] stage of the litigation, however, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate [of the class]") (second alteration in original) (citation and internal quotation marks omitted); *Samaras v. Fiat Chrysler Automobiles, N.V.*, No. 16-12803, 2017 WL 5202884, at *2 (E.D. Mich. Jan. 18, 2017). Moreover, "typicality and adequacy of

7

representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Livonia Emps.' Ret. Sys. v. Talmer Bancorp, Inc.*, No. 16-cv-12229, 2016 WL 11549401, at \*2 (E.D. Mich. Sept. 14, 2016); *City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*, No. 1:10-cv-520, 2011 WL 13228127, at \*1 (W.D. Mich. Jan. 3, 2011) ("The 'typicality' requirement is satisfied if the proposed class representative's claim arises from the same course of events, and its legal arguments are based on the same legal theory, as those of other class members.") (citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Talmer Bancorp*, 2016 WL 11549401, at \*2.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Dow. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.      Movant Is Adequate

The adequacy of representation of Rule 23 is "satisfied when the representative has 'common interests with unnamed members of the class' and it appears that the 'representatives will vigorously prosecute the interests of the class through qualified counsel.'" *Talmer Bancorp*, 2016 WL 11549402, at *2 (citing *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)); *Stryker Corp.*, 2011 WL 13228127, at *2 (adequacy satisfied where "[t]here [was] no indication that the Pension Funds have a conflict of interest with, or are antagonistic to, the class members or will not otherwise advance the interests of the class"); *Bero v. Valassis Commc'ns, Inc.*, No. 04-74127, 2005 WL 8155124, at *3 (E.D. Mich. Jan. 20, 2005) (adequacy satisfied where movant "appear[ed] to have a significant interest in the litigation, ha[d] retained experienced counsel, and there [was] no evidence that Movants ha[d] interests antagonistic to other class members").

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Dow securities and is therefore, extremely motivated to pursue claims in this action.

**D. Movant Is Presumptively the Most Adequate Plaintiff**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff movant.

Further, Movant lives in Texas, has 20 years of investing experience, holds an Associates Degree in Machine Technology, and works in the chemical industry.

**II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to

protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Fiat Chrysler Automobiles*, 2017 WL 5202884, at *3 (granting appointment of lead plaintiff's chosen counsel where "[t]heir submissions demonstrate that their chosen counsel is competent, experienced, and qualified to represent the interests of the plaintiff class").

Movant has selected Rosen Law as Lead Counsel and Fink Bressack as Local Counsel. Rosen Law has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigation, securities fraud class actions, and other complex litigation, and have obtained substantial recoveries on behalf of investors. *See* Exhibits 4-5 (firm resumes). Rosen Law has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Counsel, the members of the class will receive the best legal representation available.

11

## C.    CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel and Fink Bressack as Local Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: October 28, 2025                    Respectfully submitted,

**FINK BRESSACK**

*/s/ Nathan J. Fink*
David H. Fink (P28235)
Nathan J. Fink (P75185)
38500 Woodward Avenue, Suite 350 Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
Email: dfink@finkbressack.com
            nfink@finkfbressack.com

*[Proposed] Local Counsel for Lead Plaintiff and Class*

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

12