# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-12744-TLL-PTM |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MERRICK MOODY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |
| v. | |
| DOW INC., THE DOW CHEMICAL COMPANY, JIM FITTERLING, JEFFREY L. TATE, and KAREN S. CARTER, | Hon. Thomas L. Ludington |
| Defendants. | Magistrate Judge Patricia T. Morris |

Merrick Moody ("Moody") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Moody as Lead Plaintiff under 15 U.S.C. §78u-4(a)(3)(B); (2) approving Moody's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Anthony L. DeLuca, PLC ("DeLuca") as Liaison Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.      PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that purchased or otherwise acquired Dow Inc. ("Dow" or the "Company") securities between January 30, 2025 and July 23, 2025, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the most adequate plaintiff—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides that the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff.

Moody believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses

suffered as a result of defendants' wrongful conduct as alleged in this action.  In addition, for purposes of this motion, Moody satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class.  Thus, pursuant to the PSLRA's lead plaintiff provision, Moody respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Moody's selection of GPM as Lead Counsel for the class and DeLuca as Liaison Counsel  should be approved because the firms collectively have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Dow is an American materials science company, serving customers in the packaging, infrastructure, mobility, and consumer applications industries. Dow conducts its worldwide operations through six global businesses organized into three operating segments: (i) Packaging & Specialty Plastics, (ii) Industrial Intermediates & Infrastructure, and (iii) Performance Materials & Coatings.

On June 23, 2025, BMO Capital downgraded its recommendation on Dow from "Market Perform" to "Underperform" and cut its price target on the Company's

stock citing sustained weakness across key end markets and mounting pressure on the Company's dividend.

On this news, Dow's stock price fell $0.89, or 3.2%, to close at $26.87 per share on June 23, 2025, thereby injuring investors.

Then, on July 24, 2024, Dow released its second quarter 2025 financial results, reporting a non-GAAP loss per share of $0.42 and net sales of $10.1 billion, missing consensus estimates "reflecting declines in all operating segments." The Company also revealed that it was cutting its dividend in half, from $0.70 per share to only $0.35 per share, citing the need for "financial flexibility amidst a persistently challenging macroeconomic environment."

On this news, Dow's stock price fell $5.30, or 17.5%, to close at $25.07 per share on July 24, 2025, thereby injuring investors further.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Dow's ability to mitigate macroeconomic and tariff-related headwinds, as well as to maintain the financial flexibility needed to support its lucrative dividend, was overstated; (2) the true scope and severity of the foregoing headwinds' negative impacts on Dow's business and financial condition was understated, particularly with respect to competitive and pricing pressures, softening

3

global sales and demand for the Company's products, and an oversupply of products in the Company's global markets; and (3) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

As a result of Defendants' wrongful actions, and the precipitous decline in the market value of Dow securities, Moody and other class members have suffered significant damages.

## III.   ARGUMENT

### A.   Moody Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

4

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Moody satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Moody has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Moody is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class.  Accordingly, Moody respectfully submit that he should be appointed lead plaintiff.

### 1.    Moody Filed a Timely Motion

Moody has made a timely motion in response to a PSLRA early notice. On August 29, 2025, pursuant to Section 21(D)(a)(3)(A)(I) of the Exchange Act, notice of the pendency of this case was published on *Access Wire*, announcing that a securities class action had been filed against Defendants herein. *See* Ex. A. Therefore, Moody had sixty days (*i.e.*, until October 28, 2025) to file a motion to be

appointed as Lead Plaintiff.  As a purchaser of Dow securities during the Class Period, Moody is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the Notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Moody attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Ex. B.[1]  Accordingly, Moody satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2. Moody Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). At the time of this filing, Moody believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff.

Moody and Stephanie Moody purchased Dow securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and

---

[1] Moody is asserting claims related to shares purchased in his own accounts as well as the accounts of his deceased wife, Stephanie Moody. Mr. Moody has legal authority to assert the claims in this action related to the purchases in Stephanie Moody's accounts.

omissions and, as a result, suffered financial harm of approximately $93,584.58. *See* Ex. C. To the best of his knowledge, Moody is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest. As such, Moody believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Moody Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

At this stage, lead plaintiff candidates need only make a "prima facie" showing that they satisfy the typicality and adequacy prerequisites of Rule 23." *Livonia Employees' Ret. Sys. v. Talmer Bancorp, Inc.*, No. 16-cv-12229, 2016 WL 11549401, at *2 (E.D. Mich. Sept. 14, 2016).

7

### a)      Moody's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise out of the same course of conduct or series of events, and are based on the same legal theory as the other members of the class. *See Shupe v. Rocket Companies, Inc.*, 601 F. Supp. 3d 214, 220 (E.D. Mich. 2022).

Moody's claims are typical of the claims asserted by the proposed class. Like all members of the class, Moody alleges that Defendants' material misstatements and omissions concerning the Company's business, operations, and financial prospects violated the federal securities laws. Moody, like all of the members of the class, purchased Dow securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Moody's losses, like the losses suffered by all other members of the class, arises from the artificial inflation of the Company's securities caused by Defendants' alleged misrepresentations and omissions. Accordingly, Moody's interests and claims are "typical" of the interests and claims of the class.

### b)      Moody Is An Adequate Representative

The adequacy requirement is satisfied if the movant has common interests with those of the class, and is capable of vigorously prosecuting the action with the assistance of qualified counsel. *See Shupe*, 601 F. Supp. 3d at 220.

8

Moody has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Ex. C. Moody resides in Natchez, Mississippi, and has approximately 5 years of investing experience. Moody is retired but formerly worked as a federal employee of the National Park Service. He has a master's degree in U.S. history and political science. Moody is not aware of any conflict between his claims and those asserted on behalf of the class. Accordingly, Moody is adequate and should be appointed as lead plaintiff.

**B.     The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Here, Moody has selected GPM as Lead Counsel for the class and DeLuca as Liaison Counsel. GPM possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Ex. D. For decades, DeLuca has successfully served as liaison counsel in the State of Michigan for securities litigation firms. Notable Michigan cases in which DeLuca served as liaison counsel include *In Re Caraco Pharmaceutical Laboratories, LTD. Shareholder Litigation*, *Davis v Magna International of America, Inc., et al.,* and *Parshall v United Bankcorp, Inc., et al*.  Thus, in the event

9

this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Moody's selection of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Moody respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Moody as Lead Plaintiff; (2) approving Moody's selection of GPM as Lead Counsel and DeLuca as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  October 28, 2025

**ANTHONY L. DELUCA, PLC**

By:    */s/ Anthony L. DeLuca*
Anthony L. DeLuca (P-64874)
14950 East Jefferson Avenue, Suite 170
Grosse Pointe Park, MI 48230
Tel: (313) 821-5905
Fax: (313) 821-5906
anthony@aldplc.com

*Liaison Counsel for Merrick Moody and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150

10

Facsimile: (310) 201-9160
rprongay@glancylaw.com
clinehan@glancylaw.com
prajesh@glancylaw.com

*Counsel for Merrick Moody and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

11

**CERTIFICATE OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 28, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of Michigan, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 28, 2025, at Grosse Pointe Park, Michigan.

/s/ Anthony L. DeLuca
Anthony L. DeLuca