## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DOW INC., THE DOW CHEMICAL COMPANY, JIM FITTERLING, JEFFREY L. TATE, and KAREN S. CARTER,<br><br>Defendants. | Case No.: 1:25-cv-12744-TLL-PTM<br><br>Hon. Thomas L. Ludington<br>Mag. Judge Patricia T. Morris |

## NOTICE OF MOTION OF NORTON PETROVICH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL <u>OF SELECTION OF COUNSEL</u>

## NOTICE OF MOTION

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Norton Petrovich ("Movant") respectfully move this Court for an order: (1) appointing Movant as Lead Plaintiff in the above-captioned action (the "Action") pursuant to §21D the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) approving Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and Shea Law, PLLC as Liaison Counsel for the Class.

Movant seeks appointment as lead plaintiff and approval of his choice of counsel pursuant to the Exchange Act, the Federal Rules of Civil Procedure, and the PSLRA. This motion is based on this notice, the attached Memorandum of Law, an Index of Exhibits in support thereof, and the Court's complete files and records in this Action, as well as such further argument as the Court may allow at a hearing on this motion.[1]

---

[1] Local Rule 7.1(a)(2) parties are required to seek a concurrence prior to filing motions. Pursuant to the PSLRA, however, any class member, regardless of whether that class member filed a complaint, may file a motion for appointment as lead plaintiff. Thus, there is no way for Movant to know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the concurrence requirement of LR7.1(a)(2) be waived.

Dated: October 28, 2025

Respectfully Submitted,

**SHEA LAW, PLLC**

/s/ David J. Shea
David J. Shea (P41399)
Ashley D. Shea (P82471)
26100 American Drive, 2nd Floor
Southfield, MI 48034
(248) 354-0224
david.shea@shealaw.com
ashley.shea@shealaw.com

*Liaison Counsel for Norton Petrovich
and [Proposed] Liaison Counsel for the
Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Norton Petrovich and
[Proposed] Lead Counsel for the Class*

3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DOW INC., THE DOW CHEMICAL COMPANY, JIM FITTERLING, JEFFREY L. TATE, and KAREN S. CARTER,<br><br>Defendants. | Case No.: 1:25-cv-12744-TLL-PTM<br><br>Hon. Thomas L. Ludington<br>Mag. Judge Patricia T. Morris |

## MEMORANDUM OF LAW IN SUPPORT OF NORTON PETROVICH'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF SELECTION OF COUNSEL</u>

# TABLE OF CONTENTS

**Page**

I.      STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)...................... iv

II.     CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2) ........................................................................ v

III.    PRELIMINARY STATEMENT ................................................................................. 1

IV.     FACTUAL BACKGROUND ...................................................................................... 2

V.      PROCEDURAL HISTORY ........................................................................................ 5

VI.     ARGUMENT .............................................................................................................. 5

    A.    Appointing Movant as Lead Plaintiff Is Appropriate ....................................... 5

        1.   Movant Filed a Timely Motion. ............................................................... 6

        2.   Movant Has the Largest Financial Interest in the Relief Sought. .............. 7

        3.   Movant Satisfies the Relevant Requirements of Rule 23. .......................... 8

            a.   Movant's Claims Are Typical. ........................................................ 9

            b.   Movant is an Adequate Representative. ......................................... 10

    B.    Approving Movant's Choice of Counsel Is Appropriate. ............................... 11

VII.    CONCLUSION ......................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Am. Med. Sys., Inc.,*
   75 F.3d 1069 (6th Cir. 1996)..................................................................................9

*In re Cardinal Health, Inc. Sec. Litig.,*
   226 F.R.D. 298 (S.D. Ohio 2005) .........................................................................7

*In re Cendant Corp.,*
   264 F.3d 201 (3d Cir. 2001)................................................................................11

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
   269 F.R.D. 291 (S.D.N.Y. 2010) .........................................................................10

*Ford v. VOXX Int'l Corp.,*
   No. 14-cv-4183-JS-AYS, 2015 WL 4393798 (E.D.N.Y. Apr. 13, 2015)............9

*In re Gentiva Sec. Litig.,*
   281 F.R.D. 108 (E.D.N.Y. 2012) ..........................................................................9

*In re Goodyear Tire & Rubber Co. Sec. Litig,*
   2004 WL 3314943 (N.D. Ohio May 12, 2004)......................................................9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
   No. 10-CV-00864 SLT RER, 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ...10

*Weinberg v. Atlas Air Worldwide Holdings, Inc.,*
   216 F.R.D. 248 (S.D.N.Y. 2003) ..........................................................................9

**Statutes**

15 U.S.C. § 78u-4......................................................................................*passim*

**Rules**

FED. R. CIV. P. 23 ......................................................................................*passim*

## I.   STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)

1.     Whether the Court should appoint Norton Petrovich as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)?

Movant's answer: Yes.

2. Whether the Court should approve Norton Petrovich's selection of Levi & Korsinsky LLP as Lead Counsel and Shea Law, PLLC as Liaison Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v)?

Movant's answer: Yes.

iv

## II.   CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2)

1.   The lead plaintiff provisions of the PSLRA, 15 U.S.C. § 78u-4(a)(3), *et seq.*

**MEMORANDUM OF LAW**

## III.   PRELIMINARY STATEMENT

Norton Petrovich ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff in the above-captioned action (the "Action") and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Shea Law, PLLC ("Shea Law") as Liaison Counsel pursuant to Section 21D of the Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Dow Inc. and The Dow Chemical Company ("TDCC" and, together with Dow Inc., "Dow" or the "Company") securities between January 30, 2025 and July 23, 2025, both dates inclusive (the "Class Period"). Movant seeks to recover damages pursuant to claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Dow, TDCC, Jim Fitterling ("Fitterling"), Jeffrey L. Tate ("Tate"), and Karen S. Carter ("Carter") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most

adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel and Shea Law as Liaison Counsel should be approved because the firms have substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## IV.  FACTUAL BACKGROUND[2]

Dow is an American materials science company, serving customers in the packaging, infrastructure, mobility, and consumer applications industries. ¶ 2. The Company conducts its worldwide operations through six global businesses organized into three operating segments: (i) Packaging & Specialty Plastics, (ii)

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Sarti* Complaint") filed in the action styled *Sarti v. Dow Inc., et. al.,* Case No. 1:25-cv-12744-TLL-PTM (the "*Sarti* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Sarti* Complaint. The facts set forth in the *Sarti* Complaint are incorporated herein by reference.

Industrial Intermediates & Infrastructure, and (iii) Performance Materials & Coatings. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding Dow's business, operations, and prospects. ¶ 5. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Dow's ability to mitigate macroeconomic and tariff-related headwinds, as well as to maintain the financial flexibility needed to support its lucrative dividend, was overstated; (ii) the true scope and severity of the foregoing headwinds' negative impacts on Dow's business and financial condition was understated, particularly with respect to competitive and pricing pressures, softening global sales and demand for the Company's products, and an oversupply of products in the Company's global markets; and (iii) as a result, Defendants' public statements were materially false and misleading at all relevant times. *Id.*

On June 23, 2025, BMO Capital ("BMO") downgraded its recommendation on Dow to "Underperform" from "Market Perform" while also cutting its price target ("PT") on the Company's stock to $22.00 per share from $29.00 per share, citing sustained weakness across key end markets and mounting pressure on the Company's dividend. ¶ 6.

As the market reacted to this news, Dow's stock price declined $0.89 per share, or 3.21%, to close on June 23, 2025 at $26.87 per share. ¶ 7.

3

Then, on July 24, 2025, Dow issued a press release reporting its financial results for the second quarter ("Q2") of 2025. ¶ 8. Therein, the Company reported a non-GAAP1 loss per share of $0.42, significantly larger than the approximate $0.17 to $0.18 per share loss expected by analysts. *Id.* Dow also reported net sales of $10.1 billion, representing a 7.3% year-over-year ("Y/Y") decline and missing consensus estimates by $130 million, "reflecting declines in all operating segments." *Id.* The Company further reported, *inter alia*, that "[s]equentially, net sales were down 3%, as seasonally higher demand in Performance Materials & Coatings was more than offset by declines across the other operating segments." *Id.* Defendant Fitterling blamed these disappointing results on "the lower-for-longer earnings environment that our industry is facing, amplified by recent trade and tariff uncertainties," while providing a dour outlook marked by "signs of oversupply from newer market entrants who are exporting to various regions at anti-competitive economics." *Id.*

In a separate press release issued the same day, Dow revealed that it was cutting its dividend in half, from $0.70 per share to only $0.35 per share, citing the need for "financial flexibility amidst a persistently challenging macroeconomic environment." ¶ 9.

Following these disclosures, Dow's stock price dropped 17.45%, or $5.30 per share, to close on July 24, 2025 at $25.07 per share. ¶ 10.

## V.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Sarti* Action against the Defendants. Plaintiff Todd A. Sarti ("Sarti") commenced the first-filed action on August 29, 2025 in this Court. On the following day, counsel acting on Sarti's behalf, published a notice on *ACCESS Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Ex. C.

## VI.   ARGUMENT

### A.   Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .

5

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $64,641.75 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Ex. B. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff.

### 1.    Movant Filed a Timely Motion.

On August 30, 2025, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel in the *Sarti* Action published the Press Release on *ACCESS Newswire*—a widely circulated

6

national business-oriented wire service—announcing that a securities class action had been filed against Defendants herein and advising purchasers of in Dow securities that they had 60 days from the publication of the August 30, 2025 notice to file a motion to be appointed as lead plaintiff. *See* Ex. C.[3]

Movant timely filed his motion within the 60-day period following publication of the Dow securities Press Release and submitted herewith a sworn certification attaching his transactions in Dow securities and attesting that he is willing to serve as representative of the Class. *See* Ex. A. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). The movant who with the largest financial interest and meets the requirements of typicality and adequacy under Rule 23 is presumptively the lead plaintiff. *See In re Cardinal Health, Inc. Sec. Litig.,* 226 F.R.D. 298, 302 (S.D. Ohio 2005). At the time

---

[3] Levi & Korsinsky inadvertently issued a de minimus number of press releases that incorrectly misidentified it as the firm that filed this case. Levi & Korsinsky has already taken steps to correct the issue and has disseminated an updated press release.

of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Dow securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $64,641.75. *See* Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that have filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 WL 4393798, at *3 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See In re Goodyear Tire & Rubber Co. Sec. Litig,* 2004 WL 3314943, at *6 (N.D. Ohio May 12, 2004). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Weinberg v. Atlas Air Worldwide Holdings, Inc.,* 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

### a.   **Movant's Claims Are Typical.**

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1082 (6th Cir. 1996). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

9

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Dow's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Dow securities during the Class period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-00864 SLT RER, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b. Movant is an Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky and Shea Law, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous

10

advocacy of the Action. *See* Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for over 42 years. He resides in Missoula, Montana, and possesses a bachelor's degree in accounting. Movant is currently employed as President of Allegany Consulting Inc., a tax and accounting firm established in 1983. Further, Movant has experience overseeing attorneys, as he has hired attorneys for family related matters. *See* Ex. D. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. Accordingly, Movant meets the adequacy requirement of Rule 23.

### B.     Approving Movant's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky and Shea Law to pursue this litigation on his behalf and has retained the firms as the Class's Lead Counsel and Liaison Counsel, respectively, in the event he is appointed as lead plaintiff. Levi & Korsinsky and Shea Law possess adequate experience in securities litigation and

11

have successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumés attached as Ex. E. Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## VII. CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel and Shea Law as Liaison Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: October 28, 2025                Respectfully Submitted,

**SHEA LAW, PLLC**

*/s/ David J. Shea*
David J. Shea (P41399)
Ashley D. Shea (P82471)
26100 American Drive, 2nd Floor
Southfield, MI 48034
(248) 354-0224
david.shea@shealaw.com
ashley.shea@shealaw.com

*Liaison Counsel for Norton Petrovich and [Proposed] Liaison Counsel for the Class*

12

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Norton Petrovich and
[Proposed] Lead Counsel for the Class*

13

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2025, I authorized the electronic filing of the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

*/s/ David J. Shea*
David J. Shea