# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated,<br><br><br>Plaintiff,<br><br>v.<br><br>DOW INC., THE DOW CHEMICAL COMPANY, JIM FITTERLING, JEFFREY L. TATE, and KAREN S. CARTER,<br><br>Defendants. | Civ. No.: 1:25-cv-12744-TLL-PTM<br><br>District Judge Thomas L. Ludington<br><br>Magistrate Judge Patricia T. Morris<br><br>Class Action<br><br>**MOTION OF OSCAR BRYAN DENHAM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |

PLEASE TAKE NOTICE that, on a date and at such time as may be designated by the Court, in the Courtroom of the Honorable Thomas L. Ludington, United States Post Office Building, 1000 Washington Avenue, Room 214, Bay City, Michigan 48708, Oscar Bryan Denham ("Denham") will and hereby does respectfully move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Denham as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants that purchased or otherwise acquired Dow Inc. and/or The Dow Chemical Company securities between January 30, 2025 and July 23, 2025, both dates inclusive; and (2) approving Denham's selection of Pomerantz LLP as Lead Counsel and AsherKelly as Liaison Counsel for the Class.

In support of this Motion, Denham submits herewith a Memorandum of Law and an Index of Exhibits.

Denham is aware of Local Rule 7.1(a), which provides, in relevant part, that movants "must ascertain before filing [motions] whether the contemplated motion . . . will be opposed" by "confer[ring] with the other parties and other persons entitled to be heard on the motion," and that "[t]he conference must be held sufficiently in advance of filing the motion to allow a good faith interactive

exchange aimed at resolving the matter." Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in the above-captioned action is October 28, 2025, on which date any member of the putative Class may so move. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Denham will thus not know the identities of the other putative Class members who intend to file competing motions for Lead Plaintiff appointment until October 29, 2025—the day after the statutory deadline—making conferral with opposing parties and other persons entitled to be heard on the motion sufficiently in advance of the filing of Denham's motion papers impracticable. Under these circumstances, Denham respectfully requests that compliance with Local Rule 7.1(a) be waived in this narrow instance.

Dated: October 28, 2025

Respectfully submitted,

ASHERKELLY

*/s/ Matthew I. Henzi*
Matthew I. Henzi P57334
Cynthia Billings-Dunn P54803
25800 Northwestern Highway, Suite 1100
Southfield, Michigan 48075
Telephone: (248) 746-2710
mhenzi@asherkellylaw.com
cbdunn@asherkellylaw.com

*Counsel for Oscar Bryan Denham and*
*Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor

2

New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Oscar Bryan Denham and
Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | |
|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DOW INC., THE DOW CHEMICAL COMPANY, JIM FITTERLING, JEFFREY L. TATE, and KAREN S. CARTER, <br><br> Defendants. | Civ. No.: 1:25-cv-12744-TLL-PTM <br><br> District Judge Thomas L. Ludington <br><br> Magistrate Judge Patricia T. Morris <br><br> Class Action <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF OSCAR BRYAN DENHAM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |

## **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED PURSUANT TO
LR 7.1(D)(2)..........................................................................................1

STATEMENT OF CONTROLLING AUTHORITY PURSUANT TO
LR 7.1(D)(2)..........................................................................................2

I.    PRELIMINARY STATEMENT............................................................3

II.   FACTUAL BACKGROUND ...............................................................5

III.  ARGUMENT ........................................................................................8

      A.    DENHAM SHOULD BE APPOINTED LEAD PLAINTIFF ...8

            1.    Denham Is Willing to Serve as Class Representative ......9

            2.    Denham Has the "Largest Financial Interest" ................10

            3.    Denham Otherwise Satisfies the Requirements of
                  Rule 23............................................................................12

            4.    Denham Will Fairly and Adequately Represent the
                  Interests of the Class and Is Not Subject to Unique
                  Defenses..........................................................................15

      B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
            BE APPROVED ....................................................................16

IV.   CONCLUSION ...................................................................................18

CERTIFICATE OF SERVICE....................................................................19

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Farrah v. Provectus Biopharmaceuticals, Inc.*,
  68 F. Supp. 3d 800 (E.D. Tenn. 2014)..........................................................11, 16

*In re Am. Med. Sys., Inc.*,
  75 F.3d 1069 (6th Cir. 1996) ......................................................................13, 14

*In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*,
  458 F. Supp. 2d 455 (E.D. Mich. 2006) ............................................................11

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y.),
  *aff'd on recons. sub nom.*,
  *In re Olsten Corp.*, 181 F.R.D. 218 (E.D.N.Y. 1998) .......................................11

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) .......................................................................13

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) .......................................................................16

*Knox v. Yingli Green Energy Holding Co.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) .............................................................11

*Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*,
  357 F. Supp. 2d 1027 (S.D. Ohio 2005) ............................................................12

*Shupe v. Rocket Companies, Inc.*,
  601 F. Supp. 3d 214 (E.D. Mich. 2022) ................................................11, 12, 14

## Statutes

15 U.S.C. § 78u-4...........................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ...........................................*passim*

Securities Exchange Act of 1934....................................................................3, 13

## **Rules**

Fed. R. Civ. P. 23 .......................................................................................*passim*

LR 7.1(d)(2) ...................................................................................................1

## STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)

1.　　Whether the Court should appoint Oscar Bryan Denham as Lead Plaintiff in the above-captioned action pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

2.　　Whether the Court should approve Oscar Bryan Denham's selection of Pomerantz LLP as Lead Counsel and AsherKelly as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**STATEMENT OF CONTROLLING AUTHORITY PURSUANT TO
LR 7.1(d)(2)**

1.      The Lead Plaintiff provisions of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3) *et seq.*

Oscar Bryan Denham ("Denham") respectfully submits this Memorandum of Law in support of his Motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Denham as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Dow Inc. or The Dow Chemical Company ("TDCC" and, together with Dow Inc., "Dow" or the "Company") securities between January 30, 2025 and July 23, 2025, both dates inclusive (the "Class Period"); and (2) approving Denham's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and AsherKelly as Liaison Counsel for the Class.

## I.    PRELIMINARY STATEMENT

The complaint ("Complaint") (ECF No. 1) in the above-captioned action (the "Action") alleges that Defendants defrauded investors in violation of the Exchange Act.  Dow investors, including Denham, incurred significant losses following the disclosures of the alleged fraud, which caused Dow's share price to fall sharply, damaging Denham and other Dow investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of this Action and that

satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Denham purchased 15,426.378 shares of Dow Inc. common stock, retained 10,012.378 of these shares at the end of the Class Period, made net expenditures of $287,849 on these shares, and as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $54,501. *See* Chart Reflecting Denham's Financial Interest, Exhibit ("Ex.") A; *see also* Shareholder Certification of Denham, Ex. B.[1] Accordingly, Denham believes that he has the largest financial interest in the relief sought in this Action. Beyond his considerable financial interest, Denham also meets the applicable requirements of Rule 23 because his claims are typical of those of absent Class members and he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute this Action on behalf of the Class, Denham has selected Pomerantz as Lead Counsel and AsherKelly as Liaison Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. AsherKelly maintains an office in this District and regularly practices in this District, and can ably serve the

---

[1] All exhibits referenced herein are attached to the Index of Exhibits, filed concurrently herewith.

Class as Liaison Counsel if so appointed.

Accordingly, Denham respectfully requests that the Court enter an Order appointing Denham as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel and AsherKelly as Liaison Counsel for the Class.

## II.    FACTUAL BACKGROUND

As alleged in the Complaint in the Action, Dow is an American materials science company, serving customers in the packaging, infrastructure, mobility, and consumer applications industries.  ECF No. 1, PageID.2.  Dow conducts its worldwide operations through six global businesses organized into three operating segments: (i) Packaging & Specialty Plastics, (ii) Industrial Intermediates & Infrastructure, and (iii) Performance Materials & Coatings.  *Id.*

Historically, Dow has touted its "industry-leading dividend," which is of particular importance to investors.  *Id.*  On conference calls with investors and analysts, Dow's Chief Executive Officer, Defendant Jim Fitterling ("Fitterling"), has variously stated that the Company's "dividend is a key element of our investment thesis," and that "north of 65% of our owners count on that dividend." *Id.*, PageID.2-3.

Notwithstanding an ongoing slump in the materials science industry, as well as the recent onset of tariff-related market uncertainties, at all relevant times, Defendants represented that Dow was well positioned to weather macroeconomic

5

and tariff-related headwinds while maintaining sufficient levels of financial flexibility to support the Company's lucrative dividend. *Id.*, PageID.3. Specifically, Defendants cited various purported strengths and advantages unique to Dow in its industry, including, *inter alia*, the Company's purported "differentiated portfolio," "cost-advantaged footprint," and "industry-leading flexibility to navigate global trade dynamics." *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding Dow's business, operations, and prospects. *Id.* Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Dow's ability to mitigate macroeconomic and tariff-related headwinds, as well as to maintain the financial flexibility needed to support its lucrative dividend, was overstated; (ii) the true scope and severity of the foregoing headwinds' negative impacts on Dow's business and financial condition was understated, particularly with respect to competitive and pricing pressures, softening global sales and demand for the Company's products, and an oversupply of products in the Company's global markets; and (iii) as a result, Defendants' public statements were materially false and misleading at all relevant times. *Id.*, PageID.3-4.

On June 23, 2025, BMO Capital downgraded its recommendation on Dow to "Underperform" from "Market Perform" while also cutting its price target on the

6

Company's stock to $22.00 per share from $29.00 per share, citing sustained weakness across key end markets and mounting pressure on the Company's dividend. *Id.*, PageID.4.

On this news, Dow's stock price fell $0.89 per share, or 3.21%, to close at $26.87 per share on June 23, 2025. *Id.*

Then, on July 24, 2025, Dow issued a press release reporting its financial results for the second quarter of 2025. *Id.* Therein, Dow reported a non-GAAP loss per share of $0.42, significantly larger than the approximate $0.17 to $0.18 per share loss expected by analysts. *Id.* Dow also reported net sales of $10.1 billion, representing a 7.3% year-over-year decline and missing consensus estimates by $130 million, "reflecting declines in all operating segments." *Id.* The Company further reported, *inter alia*, that "[s]equentially, net sales were down 3%, as seasonally higher demand in Performance Materials & Coatings was more than offset by declines across the other operating segments." *Id.* Defendant Fitterling blamed these disappointing results on "the lower-for-longer earnings environment that our industry is facing, amplified by recent trade and tariff uncertainties," while providing a dour outlook marked by "signs of oversupply from newer market entrants who are exporting to various regions at anti-competitive economics." *Id.*, PageID.4-5.

7

In a separate press release issued the same day, Dow revealed that it was cutting its dividend in half, from $0.70 per share to only $0.35 per share, citing the need for "financial flexibility amidst a persistently challenging macroeconomic environment." *Id.*, PageID.5.

Following these disclosures, Dow's stock price fell $5.30 per share, or 17.45%, to close at $25.07 per share on July 24, 2025. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Denham and other Class members have suffered significant losses and damages. *See id.*

## III.   ARGUMENT

### A.   DENHAM SHOULD BE APPOINTED LEAD PLAINTIFF

Denham should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II).

8

Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice, and to do so by the later of (1) 90 days after the date of publication or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B)(i)-(ii).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Denham satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    Denham Is Willing to Serve as Class Representative

On August 29, 2025, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *ACCESS Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been

9

filed against Dow and other defendants, and advising investors in Dow securities that they had until October 28, 2025—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* PSLRA Notice, Ex. C.

Denham has filed the instant motion pursuant to the Notice, and he has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See* Shareholder Certification of Denham, Ex. B.  Accordingly, Denham satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Denham Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class[.]"   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).   To the best of his knowledge, Denham has the largest financial interest of any Dow investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts, including in this District, frequently assess financial interest based upon the following four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4)

10

the approximate losses suffered.  *See, e.g.*, *Shupe v. Rocket Companies, Inc.*, 601 F. Supp. 3d 214, 218-19 (E.D. Mich. 2022); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y.), *aff'd on recons. sub nom. In re Olsten Corp.*, 181 F.R.D. 218 (E.D.N.Y. 1998); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015).  Of the *Lax* factors, courts in the Sixth Circuit generally emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 804 (E.D. Tenn. 2014) (equating financial interest with monetary loss); *In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, 458 F. Supp. 2d 455, 461 (E.D. Mich. 2006) (explaining that Congress hoped that selecting plaintiffs with the largest financial loss would lead to plaintiffs with the largest financial interest being appointed).

During the Class Period, Denham: (1) purchased 15,426.378 shares of Dow Inc. common stock; (2) retained 10,012.378 of these shares at the end of the Class Period; (3) made net expenditures of $287,849 on these shares; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $54,501.  *See* Chart Reflecting Denham's Financial Interest, Ex. A; *see also* Shareholder Certification of Denham, Ex. B.  To the extent that Denham possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate plaintiff" within the meaning of the PSLRA (15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I)(bb)), given that he also satisfies the requirements of Rule 23.

### 3.      Denham Otherwise Satisfies the Requirements of Rule 23

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).   Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, "at this stage in the proceedings, [movants] need only make a prima facie showing that they meet the typicality and adequacy prerequisites of Rule 23." *Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1034 (S.D. Ohio 2005); *see also Shupe*, 601 F. Supp. 3d at 218 ("In deciding who to appoint as the lead plaintiff, courts focus on the third and fourth factors[ of Rule 23], delaying a more rigorous analysis of the first two factors for deciding whether to certify the matter as a class action.").

The typicality requirement of Rule 23(a)(3) is satisfied where the movant's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (citation omitted). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Denham's claims are typical of those of the Class. Denham alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Dow, or by omitting to state material facts necessary to make the statements they did make not misleading. Denham, like other Class members, purchased Dow securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Dow's share price downward. These shared claims, which are based on the

13

same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) " is satisfied if the representative (1) ha[s] common interests with those of unnamed class representatives and (2) is capable of vigorously prosecuting the action with the assistance of qualified counsel." *Shupe*, 601 F. Supp. 3d at 219 (alteration in original) (internal quotation marks omitted); *see also Am. Med. Sys.*, 75 F.3d at 1083.

Denham is an adequate representative for the Class. Here, Denham has submitted a sworn Certification declaring his commitment to protect the interests of the Class. *See* Shareholder Certification of Denham, Ex. B. Denham has no conflicts of interest or antagonism with the Class of Dow investors he seeks to represent, and his significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. Moreover, Denham has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz and AsherKelly to the Court for approval as Lead Counsel and Liaison Counsel, respectively, for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating his adequacy, Denham has submitted a Declaration

attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Declaration of Denham, Ex. D.

### 4. Denham Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Denham's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Denham's ability, and his desire, to fairly and adequately represent the Class has been discussed above.   Denham is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, the Court should appoint Denham as Lead Plaintiff for the Class.

## B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the approval of the Court. *Id.* § 78u-4(a)(3)(B)(v). The Court should interfere with a Lead Plaintiff's selection only when necessary to "protect the interests of the class" (*id.* § 78u-4(a)(3)(B)(iii)(II)(aa)). *See Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also Farrah v. Provectus Biopharmeceuticals, Inc.*, 68 F. Supp. 3d 800, 806 (E.D. Tenn. 2014) (approving lead plaintiff's choice of lead and liaison counsel for the class).

Here, Denham has selected Pomerantz as Lead Counsel and AsherKelly as Liaison Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Firm Resume of Pomerantz, Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has

16

represented defrauded investors.  *See id.*  As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010.  *See id.*  More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class.  *See id.*

Likewise, AsherKelly is well qualified to represent the Class as Liaison Counsel.  AsherKelly maintains an office in this District, regularly practices in this District, and is thus well qualified to represent the Class as Liaison Counsel.

As a result of their extensive experience in litigation involving issues similar to those raised in this Action, Denham's counsel, Pomerantz and AsherKelly, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute this Action effectively and expeditiously.  Thus, the Court may be assured that by approving Denham's selection of Pomerantz as Lead Counsel and AsherKelly as Liaison Counsel, the members of the Class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Denham respectfully requests that the Court issue an Order: (1) appointing Denham as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel and AsherKelly as Liaison Counsel for the Class.

Dated: October 28, 2025                Respectfully submitted,

                                       ASHERKELLY

                                       */s/ Matthew I. Henzi*
                                       Matthew I. Henzi P57334
                                       Cynthia Billings-Dunn P54803
                                       25800 Northwestern Highway, Suite 1100
                                       Southfield, Michigan 48075
                                       Telephone: (248) 746-2710
                                       mhenzi@asherkellylaw.com
                                       cbdunn@asherkellylaw.com

                                       *Counsel for Oscar Bryan Denham and*
                                       *Proposed Liaison Counsel for the Class*

                                       POMERANTZ LLP
                                       Jeremy A. Lieberman
                                       J. Alexander Hood II
                                       600 Third Avenue, 20th Floor
                                       New York, New York 10016
                                       Telephone: (212) 661-1100
                                       Facsimile: (917) 463-1044
                                       jalieberman@pomlaw.com
                                       ahood@pomlaw.com

                                       *Counsel for Oscar Bryan Denham and*
                                       *Proposed Lead Counsel for the Class*

18

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2025, I authorized the electronic filing of the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

*/s/ Matthew I. Henzi*
Matthew I. Henzi

19