## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | |
|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated,<br><br><br>Plaintiff,<br><br>v.<br><br>DOW INC., THE DOW CHEMICAL COMPANY, JIM FITTERLING, JEFFREY L. TATE, and KAREN S. CARTER,<br><br>Defendants. | Civ. No.: 1:25-cv-12744-TLL-PTM<br><br>District Judge Thomas L. Ludington<br><br>Magistrate Judge Patricia T. Morris<br><br>Class Action<br><br>**[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL** |

**WHEREAS**, the Court has considered the competing motions for Appointment as Lead Plaintiff and Approval of Selection of Counsel,

**IT IS HEREBY ORDERED THAT**:

1. Having reviewed all pending motions and accompanying memoranda of law, the Court hereby appoints Oscar Bryan Denham ("Denham") as Lead Plaintiff in the above-captioned action (the "Action"). Denham satisfies the requirements for appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

2. Lead Plaintiff, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, has selected and retained Pomerantz LLP as Lead Counsel and AsherKelly as Liaison Counsel for the Class in the Action.

3. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

    (a)    to coordinate the briefing and argument of motions;

    (b)    to coordinate the conduct of discovery proceedings;

    (c)    to coordinate the examination of witnesses in depositions;

    (d)    to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

    (e)    to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

1

(f)     to coordinate all settlement negotiations with counsel for defendants;

(g)     to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

(h)     to supervise any other matters concerning the prosecution, resolution, or settlement of the Action.

4.      No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.    No settlement negotiations shall be conducted without the approval of Lead Counsel.

5.      Every pleading in this Action, and any related action that is consolidated with this Action, shall hereafter bear the following caption:

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

| | |
|---|---|
| **IN RE DOW INC. SECURITIES LITIGATION** | **Civ. No.: 1:25-cv-12744-TLL-PTM** |
| **THIS DOCUMENT RELATES TO:** | **CLASS ACTION**<br><br>**[TITLE OF DOCUMENT]** |

6.      When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number

for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action.

7.     Counsel in any related action that is consolidated with this Action shall be bound by the organization of plaintiffs' counsel as set forth herein.

8.     Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

9.     Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

10.     Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery.  Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

11.     During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant, or which may lead to the discovery of information relevant, to the subject matter of the pending litigation.

**SO ORDERED.**

Dated: _____, 2025

_____
HONORABLE THOMAS L. LUDINGTON
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF MICHIGAN

4