VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD (P46787)
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Local Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

NORTHERN DIVISION

| | |
|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) DOW INC., et al., ) ) Defendants. ) ) | Civ. No. 1:25-cv-12744-TLL-PTM <br><br> <u>CLASS ACTION</u> |

**CURTIS LIN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

4937-9794-7253

## MOTION

Plaintiff Curtis Lin moves this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) appointing Mr. Lin as Lead Plaintiff; and (2) approving Mr. Lin's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.[1]  In support of this Motion, Mr. Lin submits herewith a Memorandum of Law and Index of Exhibits.

DATED:  October 28, 2025

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD (P46787)


s/ Thomas C. Michaud
THOMAS C. MICHAUD

79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
tmichaud@vmtlaw.com


Local Counsel

---

[1]   Local Rule 7.1(a) requires a conference of counsel before filing motions. However, because of the PSLRA's procedure whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), Mr. Lin will not know which other class members, if any, will seek appointment as lead plaintiff until after the filing deadline expires. Consequently, Mr. Lin respectfully requests that Local Rule 7.1(a)'s conferral requirement be waived in this narrow instance.

- 1 -

4937-9794-7253

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 2 -

4937-9794-7253

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

NORTHERN DIVISION

| | |
|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) DOW INC., et al., ) ) Defendants. ) ) | Civ. No. 1:25-cv-12744-TLL-PTM <br><br> <u>CLASS ACTION</u> |

**CURTIS LIN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

4937-9794-7253

- 1 -

## STATEMENT OF ISSUES PRESENTED

1.      Whether the Court should appoint Mr. Lin as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2.      Whether the Court should approve Mr. Lin's selection of Robbins Geller as Lead Counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

4937-9794-7253

- 2 -

## STATEMENT OF CONTROLLING AUTHORITY

The lead plaintiff provisions of the PSLRA, 15 U.S.C. §§78u-4(a)(3), *et seq*.

4937-9794-7253

## I.      INTRODUCTION

Pending before this Court is a securities class action lawsuit brought pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") on behalf of purchasers or acquirers of Dow Inc. ("Dow" or the "Company") securities between January 30, 2025 and July 23, 2025, both dates inclusive (the "Class Period").  In securities class actions, the PSLRA states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  Mr. Lin should be appointed lead plaintiff because he: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Lin's selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.     FACTUAL BACKGROUND

Dow, through its subsidiaries, provides various materials science solutions for packaging, infrastructure, mobility, and consumer applications.  Dow stock trades on the New York Stock Exchange under the ticker symbol DOW.

- 1 -

4937-9794-7253

The complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) Dow's ability to mitigate macroeconomic and tariff-related headwinds, as well as to maintain the financial flexibility needed to support its lucrative dividend, was overstated; and (ii) the true scope and severity of the foregoing headwinds' negative impacts on Dow's business and financial condition was understated, particularly with respect to competitive and pricing pressures, softening global sales, and demand for Dow's products, as well as an oversupply of products in the Company's global markets.

On June 23, 2025 BMO Capital downgraded its recommendation on Dow to "Underperform" from "Market Perform" while also cutting its price target on Dow's stock to $22.00 per share from $29.00 per share, citing sustained weakness across key end markets and mounting pressure on Dow's dividend.  Following this news, Dow's stock price fell by more than 3%.

Then, on July 24, 2025, Dow reported a second quarter of 2025 non-GAAP loss per share of $0.42, significantly larger than the approximate $0.17 to $0.18 per share loss expected by analysts and net sales of $10.1 billion, representing a 7.3% year-over-year decline and missing consensus estimates by $130 million, "reflecting declines in all operating segments." ECF 1 at Page.ID.4.  Dow's CEO, defendant Jim Fitterling, blamed these disappointing results on "the lower-for-longer earnings environment that our industry is facing, amplified by recent trade and tariff

4937-9794-7253

uncertainties," while providing a dour outlook marked by "signs of oversupply from newer market entrants who are exporting to various regions at anti-competitive economics." *Id.* at Page.ID.4-5.  The Company also revealed that it was cutting its dividend in half, from $0.70 per share to only $0.35 per share, citing the need for "financial flexibility amidst a persistently challenging macroeconomic environment." *Id.* at Page.ID.5.  Following this news, Dow's stock price fell by more than 17%.

Due to defendants' wrongful acts and omissions, and the declines in the market value of the Company's securities, Mr. Lin and other putative class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   Mr. Lin Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a
> notice . . .;

- 3 -

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Mr. Lin meets each of these requirements and should therefore be appointed as Lead Plaintiff.

### 1.    This Motion Is Timely

On August 29, 2025, counsel for plaintiff Todd A. Sarti published notice of this action on *ACCESS Newswire*, advising potential class members of the pendency of the action, the claims asserted, and the right to seek appointment as lead plaintiff no later than 60 days following the date of the notice, or October 28, 2025.  *See* Ex. A.  Mr. Lin's Motion is therefore timely and he is entitled to be considered for appointment as Lead Plaintiff.

### 2.    Mr. Lin Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Lin suffered approximately $173,028 in losses as a result of defendants' alleged violations of the Exchange Act.  *See* Exs. B-C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Mr. Lin satisfies the PSLRA's prerequisite of having the largest financial interest.

- 4 -

### 3.      Mr. Lin Otherwise Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4).

Rule 23's "typicality" requirement is met if the plaintiff's claims "'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'"  *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (citation omitted).  The "adequacy" requirement is satisfied where the representative "'ha[s] common interests with unnamed members of the class'" and will "'vigorously prosecute the interests of the class through qualified counsel.'"  *Id*. at 1083 (citation omitted).

Mr. Lin satisfies the typicality requirement as he seeks to represent a class of similarly situated purchasers or acquirers of Dow securities and suffered losses as a result of defendants' alleged misconduct.  Indeed, like all other class members, Mr. Lin: (1) purchased Dow securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby.  In other words, Mr. Lin's claims arise from the same

- 5 -

alleged misconduct and are based on the same legal theory as the claims of other class members.

Mr. Lin also satisfies the adequacy requirement.  Mr. Lin is an experienced investor who has submitted a Declaration confirming his willingness and ability to serve as lead plaintiff.  *See* Ex. D.  Mr. Lin is a Washington-based retiree with approximately 20 years of investing. *See id.* at ¶1.  And, as further detailed below and in his Declaration, Mr. Lin retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. *See id.* at ¶6.

Because Mr. Lin filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

## B.     The Court Should Approve Mr. Lin's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Courts are "encouraged to refrain from interfering with the choice of the 'lead counsel' unless it is necessary to 'protect the interests of the class.'"  *Haase v. GunnAllen Fin., Inc.*, 2008 WL 3200590, at *2 (E.D. Mich. Aug. 5, 2008) (citation omitted).

- 6 -

4937-9794-7253

Mr. Lin has selected Robbins Geller as Lead Counsel.[2] Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation and possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house specialists to aid in the prosecution of complex securities issues. Courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases. *See, e.g.*, *Owens v. FirstEnergy Corp.*, 2020 WL 6873421, at *12 (S.D. Ohio Nov. 23, 2020) (finding that Robbins Geller "possesses the requisite expertise and experience necessary to handle a case of this magnitude and complexity"); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

---

[2] For a detailed description of Robbins Geller's track record, resources and attorneys, please see https://www.rgrdlaw.com. An electronic or paper record of the Firm's resume is available upon the Court's request, if preferred.

4937-9794-7253

In addition to obtaining the largest securities fraud class action recoveries in the nation and in this Circuit, Robbins Geller attorneys have obtained the largest PSLRA recoveries in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

As such, Mr. Lin's selection of Robbins Geller as Lead Counsel is reasonable and should be approved.

---

[3]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-v-03264 ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit*)*; *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

## IV.   CONCLUSION

Mr. Lin has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff.  As such, Mr. Lin respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Robbins Geller as Lead Counsel.

DATED:  October 28, 2025

Respectfully submitted,

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD (P46787)

s/ Thomas C. Michaud
THOMAS C. MICHAUD

79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
tmichaud@vmtlaw.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 9 -

4937-9794-7253