UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TODD A. SARTI, individually and
on behalf of all others similarly situated,

        Plaintiffs,                        Case No. 1:25-cv-12744

v.                                          Honorable Thomas L. Ludington
                                             United States District Judge

DOW, INC., et. al,
        Defendants.
_____/

**OPINION AND ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**

On August 29, 2025, Todd A. Sarti filed a securities class action Complaint against Defendants Dow Inc. ("Dow"), a subsidiary, and several of its executives on behalf of individuals who had purchased or otherwise acquired Dow securities between January 30, 2025, and July 23, 2025. The Complaint alleges that Defendants made materially false and misleading statements regarding the company's ability to mitigate macroeconomic and tariff-related headwinds and the scope of the negative impact those headwinds would have on Dow's stock, violating §10(b) and § 20(a) of the Securities Exchange Act.

That same day, counsel for Mr. Sarti published the notice statutorily required by 15 U.S.C. § 78u-4(a)(3)(A)(i) in *ACCESS Newswire*, a press release distribution platform. Five individuals —(1) Charles Johnson, (2) Merrick Moody, (3) Norton Petrovich, (4) Oscar Denham, (5) Curtis Lin—answered the call, each filing motions to be named lead plaintiff and appoint their counsel as lead counsel. But since those initial motions, all but one, Cutis Lin, have either retracted their motion or filed a motion of non-opposition.

The Securities Exchange Act creates a rebuttable presumption that the plaintiff who has suffered the largest alleged loss is presumptively the most adequate plaintiff to represent the class as the lead plaintiff. Curtis Lin is the most adequate plaintiff to represent the *Dow* class. And no other Plaintiff has rebutted this presumption. Therefore, Plaintiff Lin will be appointed lead Plaintiff and Robbins, Geller, Rudman & Dowd LLP ("Robbins Geller LLP") will be the lead Counsel of the *Dow* class.

## I.

On August 29, 2025, Plaintiff Todd A. Sarti brought this securities class action, individually and on behalf of all others similarly situated, against Defendants Dow Inc., a subsidiary (Dow), and some of its officers and directors: Jim Fitterling, Jefferey L. Tate, and Karen S. Carter. ECF No. 1. The Complaint alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. *Id.* at PageID.2. Specifically, the Complaint alleges that Defendants made false and/or misleading statements and/or failed to disclose that:

> (i) Dow's ability to mitigate macroeconomic and tariff-related headwinds, as well as to maintain the financial flexibility needed to support its lucrative dividend, was overstated; (ii) the true scope and severity of the foregoing headwinds' negative impacts on Dow's business and financial condition was understated, particularly with respect to competitive and pricing pressures, softening global sales and demand for the Company's products, and an oversupply of products in the Company's global markets; and (iii) as a result, Defendants' public statements were materially false and misleading at all relevant times.

*Id.* at PageID.3–4. These statements or non-disclosures were allegedly made as part of press releases, conference calls with investors, and on Dow's Form 10-K. *Id.* at PageID.9–21.

Also on August 29, 2025, counsel for Plaintiff Sarti published notice of this class action on *ACCESS Newswire* as required by 15 U.S.C. § 78u-4(a)(3)(A)(i), providing both (1) the pendency of the action and the claims asserted, and (2) the right to seek appointment as lead plaintiff no later

than sixty days after the date of notice. ECF No. 13 at PageID.443. In this case, that date was October 28, 2025. *Id.*

Five Plaintiffs filed motions to seeking appointment as lead plaintiff: (1) Charles Johnson, ECF No. 9; (2) Merrick Moody, ECF No. 10; (3) Norton Petrovich, ECF No. 11; (4) Oscar Denham, ECF No. 12; and (5) Curtis Lin, ECF No. 13. But then four of the perspective lead Plaintiffs either filed notices withdrawing their previous motions or a notice of non-opposition: (1) Norton Petrovich, ECF No. 14; (2) Charles Johnson, ECF No. 16; (3) Merrick Moody; ECF. No. 10; (4) Oscar Denham, ECF No. 15.[1] So Plaintiff Lin is left unopposed in his Motion to be appointed lead plaintiff. ECF No. 13.

## II.

### A.

In 1995, 15 U.S.C. § 78u-4 was amended by the Private Securities Litigation Reform Act, or PSLRA. The PSLRA altered the procedure by which courts appoint the lead plaintiff for a purported class. Section 78u–4(a)(3)(A)(i) provides that no later than twenty days after the date on which a complaint is filed, "the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice." This notice must advise members of the purported plaintiff class:

> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

---

[1] Notably, Plaintiff Denham's Motion to Appoint Counsel and Lead Plaintiff, ECF No. 12, has not been resolved because he filed a motion of non-opposition instead of withdrawing his previous motion, ECF No. 15. Thus, this Court will deny Plaintiff Denham's Motions as moot.

Section 78u–4(a)(3)(B)(i) provides that, no later than ninety days after the date on which a notice is published, a court:

> [S]hall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members . . . .

The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the person who "has either filed the complaint or made a motion in response to a notice under [15 U.S.C. § 78u–4(a)(3)(A)(i)]," "has the largest financial interest in the relief sought," and "otherwise satisfies the requirements of Rule 23." *Id.* §§ 78u–4(a)(3)(B)(iii)(I)(aa), (bb), (cc).

Any member of the purported plaintiff class may rebut the presumption upon proof "that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class[] or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* §§ 78u–4(a)(3)(B)(iii)(II)(aa), (bb). Purported class members may undertake discovery to mount such a challenge only if they "first demonstrate[] a reasonable basis for finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." *Id.* § 78u–4(a)(3)(B)(iv).

Once the court has appointed the lead plaintiff, the PSLRA provides that the lead plaintiff "shall, subject to the approval of the court, select and retain lead counsel." *Id.* § 78u–4(a)(3)(B)(v).

### III.

### A.

This Court must first determine which of the Plaintiffs has the "largest financial interest." The PSLRA does not provide a methodology for determining which person has "the largest financial interest" in the litigation. In making that determination, however, courts have generally

adopted the four factors outlined in *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y.), *aff'd on recons. sub nom. In re Olsten Corp.*, 181 F.R.D. 218 (E.D.N.Y. 1998); *see also In re The Goodyear Tire & Rubber Co. Sec. Litig.*, No. 5:03 CV 2166, 2004 WL 3314943, at *3 (N.D. Ohio May 12, 2004) (collecting cases).

> The *Lax* factors are:
>
> (1) the number of shares purchased during the class period;
>
> (2) the number of net shares purchased during the class period (i.e., shares purchased during and retained at the end of the class period);
>
> (3) the total net funds expended during the class period; and
>
> (4) the approximate losses suffered during the class period.

*Lax*, 1997 WL 461036, at *5.

With respect to the last factor, courts may choose any "rational and consistently applied" method to calculate the losses that class members suffered during the class period. *In re Regions Morgan Keegan Closed–End Fund Litig.*, No. 07–02830, 2010 WL 5173851, at *4 (W.D. Tenn. Dec. 5, 2010) (first citing *Plumbers & Pipefitters Loc. 562 v. MGIC Inv. Corp.*, 256 F.R.D. 620, 623–24 (E.D. Wis. 2009); and then citing *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002)). "[T]here does not appear to be any consensus among courts as to which method is best." *Plumbers & Pipefitters*, 256 F.R.D. at 623 & n.4 (citing MANUAL FOR COMPLEX LITIGATION (FOURTH) § 31.31 (2004)). But "most courts . . . consider only those securities affected by the defendant's alleged misconduct." *Pio v. Gen. Motors Co.*, No. CIV. 14-11191, 2014 WL 5421230, at *3 (E.D. Mich. Oct. 24, 2014) (collecting cases).

Plaintiff Lin has the largest financial interest:

| Movant | Factor 1<br>Total Shares Purchased During CP | Factor 2<br>Net Shares Purchased During CP | Factor 3<br>Net Funds Expended During CP | Factor 4<br>Approximate Losses |
|---|---|---|---|---|
| Mr. Lin | 12,907 | 12,907 | $473,834 | $173,028 |
| Mr. Moody (withdrawn) | 7,102 | 7,102 | $259,100 | $93,584 |
| Mr. Petrovich (withdrawn) | 4,500 + 315 options contracts | 4,455 | $169,380 | $64,641 |
| Mr. Denham (non-opposition) | 15,426 | 10,012 | $287,849 | $54,501 |
| Mr. Johnson (withdrawn) | 10,500 | 10,500 | $283,080 | $37,825 |

ECF No. 18 at PageID.485. Plaintiff Lin purchased the largest number of net shares, expended the largest amount of funds, and suffered the highest financial loss, all during the class period. Therefore, three out of the four *Lax* factors, and the overwhelming weight of the evidence, weigh in favor of Plaintiff Lin having the largest financial interest.

### B.

Class members seeking to be the lead plaintiff must also satisfy the requirements of Federal Rule of Civil Procedure 23. Rule 23 provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). In deciding who to appoint as the lead plaintiff, courts focus on the third and fourth factors, delaying a more rigorous analysis of the first two factors for deciding whether to certify the matter as a class action. *See, e.g.*, *Goodyear Tire*, 2004 WL 3314943, at *6 (collecting cases); *Lax*, 1997 WL 461036, at *6 (citation omitted). Therefore, the Court will focus on the typicality and adequacy requirements of Rule 23. And Plaintiff Lin satisfies both the typicality and adequacy requirements.

**1.**

Rule 23's "typicality" requirement is met if the lead plaintiff's claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Typicality ensures that the class representative's interest advances the interests of the other members of the class. *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998) (en banc). Typicality is very easy to demonstrate. Robert H. Klonoff, *Class Actions in the Year 2026: A Prognosis*, 65 EMORY L.J. 1569, 1614–15 (2016) (noting that "many more [cases] can be found in which the typicality requirement was satisfied" than those in which it was not).

Plaintiff Lin's claims are typical of the claims asserted by the proposed Class. Indeed, like all class members, Plaintiff Lin asserts that he (1) purchased Dow securities during the class period; (2) was adversely affected by Defendants' false and misleading statements and omissions; and (3) suffered damages. *Compare* ECF No. 13 at PageID.444, *with* ECF No. 9 at PageID.71; ECF No. 10-1 at PageID.143; ECF No. 11 at PageID.208; ECF No. 12 at PageID.343. Accordingly, Plaintiff Lin's claims arise out of the same course of events and rely on the same legal theories as do the claims of other Class members. So the typicality requirement is satisfied.

**2.**

Rule 23's "adequacy" requirement is satisfied if the representative (1) "ha[s] common interests with those of unnamed class representatives," and (2) is "capable of vigorously prosecuting the action with the assistance of qualified counsel." *Id.* The first criterion overlaps with the requirements of typicality and commonality. *Am. Med. Sys., Inc.*, 75 F.3d at 1083. The second criterion "raises concerns about the competency of class counsel." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). "Rule 23's 'typicality' requirement is met if the plaintiff's claims 'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Pio v. Gen. Motors Co.*, No. CIV. 14-11191, 2014 WL 5421230, at *4 (E.D. Mich. Oct. 24, 2014) (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)).

Plaintiff Lin satisfies the adequacy requirement of Rule 23. As applied, Plaintiff Lin will fairly and adequately represent the interests of the proposed Class. Indeed, "unlike investors with a nominal financial interest in the class action," Plaintiff Lin has "the incentive to monitor the litigation, control lead counsel, and police any proposed settlement." *Ford Motor Co.*, 2018 WL 783534, at *3. Moreover, Plaintiff Lin has also retained counsel that is highly experienced in prosecuting securities class actions vigorously and efficiently, *see* ECF No. 13 at PageID.445–47, and timely submitted his choice to this Court for approval in accordance with the PSLRA, *see* 15 U.S.C. §§ 78u–4(a)(3)(A)(i)(II), (B)(v). Thus, Plaintiff Lin has demonstrated the sophistication, resources, and experience necessary to pursue the case to a successful conclusion through the effective oversight of counsel. Finally, there is no proof that Plaintiff Lin is "subject to unique defenses that render him incapable of representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Accordingly, he satisfies the adequacy requirement.

C.

Because Plaintiff Lin satisfies Rule 23's typicality and adequacy requirements, he is presumably the most adequate Plaintiff to serve as the lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). While the presumption is rebuttable, no evidence suggests that Plaintiff Lin "will not fairly and adequately protect the interests of the class . . . [or] is subject to unique defenses that render [him] incapable of adequately representing the class." *Id.* at §§ (a)(3)(B) (iii)(II)(aa), (bb).

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* at § 78u–4(a)(3)(B)(iv). Plaintiff Lin has selected Robbins Geller LLP as his counsel. ECF No. 13 at PageID.446. His brief demonstrates that his chosen counsel is "competent, experienced, and qualified to represent the interests of the plaintiff class." *Pio v. Gen. Motors Co.*, No. CIV. 14-11191, 2014 WL 5421230, at *8 (E.D. Mich. Oct. 24, 2014).

For these reasons, Plaintiff Lin's Motion to Appoint Counsel and for Appointment as Lead Plaintiff, ECF No.13, will be granted. As a result, he will be appointed the lead Plaintiff, and Robbins Geller LLP will be the lead counsel.

IV.

Accordingly, it is **ORDERED** that Curtis Lin's Motion to Appoint Counsel and for *Appointment as Lead Plaintiff*, ECF No. 13, is **GRANTED**.

Further, it is **ORDERED** that Curtis Lin is **APPOINTED** as lead plaintiff of the *Dow* Class.

Further, it is **ORDERED** that Robbins Geller LLP is **APPOINTED** as lead counsel of the *Dow* Class.

Further, Plaintiff Dunham's Motion to Appoint Lead Counsel *and for Appointment as Lead Plaintiff*, ECF No. 12, is **DENIED** as moot.

- 10 -

Dated: January 30, 2026                                  s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge