IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:25-cv-12744 |
| Plaintiff, | ) ) ) | CLASS ACTION |
| v. | ) ) ) | Honorable Thomas L. Ludington District Judge |
| DOW INC., THE DOW CHEMICAL COMPANY, JIM FITTERLING, JEFFREY L. TATE, AND KAREN S. CARTER, | ) ) ) ) | Honorable Patricia T. Morris Magistrate Judge |
| Defendants. | ) ) | |

## LEAD PLAINTIFF'S MOTION TO STAY ACTION

Thomas C. Michaud (P46787)
VANOVERBEKE, MICHAUD & TIMMONY, P.C.
79 Alfred Street
Detroit, Michigan 48201
Telephone: 313/578-1200
313/578-1201 (fax)
*tmichaud@vmtlaw.com*

*Local Counsel*

Samuel H. Rudman
Michael G. Capeci
Magdalene Economou
ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road
Suite 200
Melville, New York 11747
Telephone: 631/367-7100
631/367-1173 (fax)
*srudman@rgrdlaw.com*
*mcapeci@rgrdlaw.com*
*meconomou@rgrdlaw.com*

*Lead Counsel for Lead Plaintiff*

February 13, 2026

Lead Plaintiff Curtis Lin ("Lead Plaintiff"), by and through his attorneys, Robbins Geller Rudman & Dowd LLP and Vanoverbeke, Michaud & Timmony, P.C., hereby moves this Court to stay all proceedings in this action to allow for the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") to resolve the pending mandamus petition in *In re Sushma Jones*, No. 25-1486 ("*Jones*"), which will determine whether the Honorable Thomas L. Ludington should be recused from presiding over lawsuits – like the above-captioned action – involving Dow Inc., The Dow Chemical Company (together, "Dow"), or any Dow affiliate. As of January 27, 2026, the *Jones* mandamus petition is currently pending before the Sixth Circuit and is ripe for decision.

Lead Plaintiff respectfully requests that if the *Jones* mandamus petition is resolved before March 31, 2026, or if the Court denies this motion, that the parties be ordered to adhere to the briefing schedule proposed by Defendants, as follows: (1) amended complaint due on March 31, 2026; (2) motion to dismiss due on June 1, 2026; (3) motion to dismiss opposition due on July 31, 2026; and (4) motion to dismiss reply due on September 14, 2026. If the *Jones* mandamus petition is resolved after March 31, 2026, Lead Plaintiff will be prepared to file an amended complaint two weeks thereafter, and will confer with Defendants in advance of filing the amended complaint on a briefing schedule for the motion to dismiss.

Lead Plaintiff states, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(a)(2)(A), that there were several phone and e-mail exchanges between attorneys in which Lead Counsel explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.  Lead Plaintiff submits the accompanying brief and index of exhibits in support of its Motion.

DATED:  February 13, 2026

Respectfully Submitted,

ROBBINS GELLER RUDMAN &
DOWD LLP
SAMUEL H. RUDMAN
MICHAEL G. CAPECI
MAGDALENE ECONOMOU

*/s/ Michael G. Capeci*
MICHAEL G. CAPECI

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
*srudman@rgrdlaw.com*
*mcapeci@rgrdlaw.com*
*meconomou@rgrdlaw.com*

*Lead Counsel for Lead Plaintiff*

- 3 -

VANOVERBEKE, MICHAUD
& TIMMONY, P.C.
THOMAS C. MICHAUD (P46787)
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
*tmichaud@vmtlaw.com*

*Local Counsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:25-cv-12744 |
| Plaintiff, | ) ) ) | CLASS ACTION |
| v. | ) ) ) | Honorable Thomas L. Ludington District Judge |
| DOW INC., THE DOW CHEMICAL COMPANY, JIM FITTERLING, JEFFREY L. TATE, AND KAREN S. CARTER, | ) ) ) ) ) | Honorable Patricia T. Morris Magistrate Judge |
| Defendants. | ) ) | |

**BRIEF IN SUPPORT OF
LEAD PLAINTIFF'S MOTION TO STAY ACTION**

Thomas C. Michaud (P46787)
VANOVERBEKE, MICHAUD & TIMMONY, P.C.
79 Alfred Street
Detroit, Michigan 48201
Telephone: 313/578-1200
313/578-1201 (fax)
*tmichaud@vmtlaw.com*

*Local Counsel*

Samuel H. Rudman
Michael G. Capeci
Magdalene Economou
ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road
Suite 200
Melville, New York 11747
Telephone: 631/367-7100
631/367-1173 (fax)
*srudman@rgrdlaw.com*
*mcapeci@rgrdlaw.com*
*meconomou@rgrdlaw.com*

*Lead Counsel for Lead Plaintiff*

February 13, 2026

**TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUE PRESENTED ................................................................ iii

STATEMENT OF CONTROLLING OR MOST APPROPRIATE
     AUTHORITIES ...................................................................................iv

I.     INTRODUCTION ..........................................................................................1

II.    STATEMENT OF FACTS ..............................................................................3

III.   ARGUMENT ...................................................................................................4

IV.   CONCLUSION ...............................................................................................8

# TABLE OF AUTHORITIES

**Page**

## CASES

*Arkona, LLC v. County of Cheboygan*,
2021 WL 2381892
(E.D. Mich. June 10, 2021)................................................................................5, 6

*Johnson on behalf of X.M. v. Russell*,
2024 WL 4728904
(E.D. Mich. Oct. 7, 2024) ...................................................................................5

*Kanuszewski v. Mich. Dept. of Health & Human Srvs.*,
2019 WL 1002489
(E.D. Mich. Mar. 1, 2019) ...................................................................................5

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)...........................................................................................4, 6

*Michael v. Ghee*,
325 F. Supp. 2d 829 (N.D. Ohio 2004) ..............................................................6

*Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*,
565 F.2d 393 (6th Cir. 1977) ..............................................................................5

*Ricketts v. Consumers Energy Co.*,
2017 WL 235173
(E.D. Mich. May 31, 2017)..................................................................................5

## STATEMENT OF ISSUE PRESENTED

Should the Court grant a brief stay of all proceedings in this action pending the forthcoming decision in *In re Sushma Jones*, No. 25-1486 (6th Cir.) ("*Jones*"), which will determine whether the Honorable Thomas L. Ludington should be recused from presiding over lawsuits – like the above-captioned action – involving Dow Inc., The Dow Chemical Company (together, "Dow"), or any Dow affiliate, when in July 2025 this Court *sua sponte* stayed *Jones* and eight other cases against Dow that are pending before this Court?

## STATEMENT OF CONTROLLING OR
## MOST APPROPRIATE AUTHORITIES

The controlling or most appropriate authorities for the relief that Lead Plaintiff

seeks include:

1. *Jones v. Dow Chem. Co.*, No. 1:23-cv-11814 (E.D. Mich. July 30, 2025) (Ludington, J.), ECF No. 176

2. *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)

3. *Johnson on behalf of X.M. v. Russell*, 2024 WL 4728904 (E.D. Mich. Oct. 7, 2024) (Ludington, J.)

4. *Arkona, LLC v. County of Cheboygan*, 2021 WL 2381892 (E.D. Mich. June 10, 2021) (Ludington, J.)

5. *Kanuszewski v. Mich. Dept. of Health & Human Srvs.*, 2019 WL 1002489 (E.D. Mich. Mar. 1, 2019) (Ludington, J.)

6. *Ricketts v. Consumers Energy Co.*, 2017 WL 2351731 (E.D. Mich. May 31, 2017) (Ludington, J.)

## I.   INTRODUCTION

Lead Plaintiff Curtis Lin ("Lead Plaintiff") respectfully requests that the Court stay the present action to allow for the resolution of the mandamus petition currently pending before the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") in *In re Sushma Jones*, No. 25-1486 ("*Jones*"), which will determine whether the Honorable Thomas L. Ludington should be recused from presiding over lawsuits – like the above-captioned action – involving Dow Inc., The Dow Chemical Company (together, "Dow" or the "Company"), or any Dow affiliate.[1]

On July 30, 2025, this Court stayed, *sua sponte*, the *Jones* district court case and 8 other district court cases where Dow is a defendant before this Court (the "Dow Cases") because "it would be improper for the undersigned to proceed in any of the above-captioned cases until the issue of recusal [in *Jones*] is first resolved" and "all factors favor a stay." Ex. A at 2 (PageID.4992).[2]  This putative securities class action, like *Jones* and the Dow Cases, names Dow as a defendant.  Thus, the same reasoning underlying this Court's decision to stay *Jones* and the Dow Cases fully supports granting a stay here until the *Jones* mandamus petition is resolved.

---

[1]   "Defendants" in this action are Dow and three of Dow's senior executives – Jim Fitterling, Jeffrey L. Tate, and Karen S. Carter.

[2]   All references to "Ex. __" are to the exhibits described in Lead Plaintiff's Index of Exhibits.  Pursuant to the Court's Practice Guidelines, all unpublished case decisions cited herein are also attached to the Index of Exhibits.

To be clear, Lead Plaintiff takes no position on the recusal motion at issue in *Jones*.   Over the past two weeks, since Lead Plaintiff was appointed as such on January 30, 2026, Lead Counsel has discussed with counsel for Defendants how to best structure a proposed briefing schedule as required by the Court's November 19, 2025 Order (Ex. B) in light of the *Jones* mandamus petition.   Defendants stated they are unwilling to wait for the *Jones* mandamus petition to be resolved before this action proceeds, even though this Court could no longer preside over this action if the *Jones* mandamus petition is successful.   Thus, Lead Plaintiff has been forced to file this motion to clarify whether the Court continues to believe it is appropriate to stay cases involving Dow – an issue that the Court already affirmatively resolved in July 2025.   *See* Ex. A at 1-3 (PageID.4991-93).

Notwithstanding the foregoing, if the *Jones* mandamus petition is resolved before this motion is adjudicated, or if the Court decides to deny this motion, Lead Plaintiff is amenable to following Defendants' proposed briefing schedule, as follows: (1) amended complaint due on March 31, 2026; (2) motion to dismiss due on June 1, 2026; (3) motion to dismiss opposition due on July 31, 2026; and (4) motion to dismiss reply due on September 14, 2026.   *See* Ex. C.   If the *Jones* mandamus petition is resolved after March 31, 2026, Lead Plaintiff will be prepared to file an amended complaint two weeks thereafter, and will confer in advance with Defendants on a briefing schedule for the motion to dismiss.

## II.     STATEMENT OF FACTS

On July 30, 2025, in response to the *Jones* mandamus petition, this Court issued a *sua sponte* Order staying the *Jones* district court case and the Dow Cases. *See* Ex. A.  On December 17, 2025, the Sixth Circuit issued an Order requesting that this Court provide a ruling on the pending motion to recuse in the *Jones* district court case.  *See* Ex. D.  On January 5, 2026, this Court issued an Opinion and Order denying the *Jones* plaintiff's motion for recusal.  *See* Ex. E.  On January 27, 2026, the *Jones* plaintiff submitted a reply to the Sixth Circuit's December 17, 2025 Order and asked for the mandamus petition to be reinstated.  *See* Ex. F.  The *Jones* mandamus petition is now ripe for adjudication by the Sixth Circuit.

The above-captioned putative securities class action was filed against Defendants (including Dow) on August 29, 2025.  ECF No. 1.  On October 28, 2025, Lead Plaintiff sought appointment as such on behalf of Dow investors for a class period between January 30, 2025 and July 23, 2025.  ECF No. 13.  On November 19, 2025, counsel for Todd A. Sarti (the initial complaint plaintiff) and Defendants filed a stipulation, which the Court so-Ordered, providing that a briefing schedule for an amended complaint and motion to dismiss would be filed within 14 days of the appointment of a lead plaintiff.  ECF No. 19.  On January 30, 2026, this Court issued an Opinion and Order appointing Lead Plaintiff as such, and designating Lead Counsel.  ECF No. 20.

Lead Counsel and counsel for Defendants met and conferred numerous times by phone and e-mail between February 3 and February 11, 2026.  Lead Plaintiff's position is that, for the same reasons the Court articulated in the *Jones* district court case and the Dow Cases, this action should be stayed pending resolution of the *Jones* mandamus petition.  Defendants' position is that this action should proceed without any stay, regardless of the pendency of the *Jones* mandamus petition, on the following schedule: (1) amended complaint due on March 31, 2026; (2) motion to dismiss due on June 1, 2026; (3) motion to dismiss opposition due on July 31, 2026; and (4) motion to dismiss reply due on September 14, 2026.  *See* Ex. C.

As a result of the parties' impasse during the meet-and-confer process, Lead Plaintiff advised Defendants that this motion was going to be filed and explained the contents of this motion.  Lead Plaintiff respectfully submits that filing this motion comports with the parties' obligation to respond to the Court's November 19, 2025 Order.  The parties have agreed to follow the briefing schedule set forth in Local Civil Rule 7.1(e)(1) for this motion.

## III.  ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "[E]ntry of such an order ordinarily rests with the sound discretion of

- 4 -

the District Court." *Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

As this Court has already recognized in the *Jones* district court case and the Dow Cases, this Court has the authority to stay a case pending the resolution of litigation in another forum, and specifically litigation that centers on a mandamus petition that seeks recusal of a district court judge. *See* Ex. A at 2 (PageID.4992) ("it would be improper for the undersigned to proceed in any of the above-captioned cases until the issue of recusal is first resolved"); *see also Johnson on behalf of X.M. v. Russell*, 2024 WL 4728904, at *1 (E.D. Mich. Oct. 7, 2024) (Ludington, J.) (allowing a motion to stay while an appeal was pending before the Sixth Circuit); *Arkona, LLC v. County of Cheboygan*, 2021 WL 2381892, at *3 (E.D. Mich. June 10, 2021) (Ludington, J.) (granting a motion to stay in light of pending appeal before the Sixth Circuit that "would help counsel and this Court avoid duplicative efforts developing the case"); *Kanuszewski v. Mich. Dept. of Health & Human Srvs.*, 2019 WL 1002489, at *2 (E.D. Mich. Mar. 1, 2019) (Ludington, J.) (granting "a motion to stay proceedings pending appeal" to the Sixth Circuit); *Ricketts v. Consumers Energy Co.*, 2017 WL 2351731, at *2 (E.D. Mich. May 31, 2017) (Ludington, J.) (granting "a stay of all proceedings related to this action pending a final decision by the D.C. Circuit" in a related case).

As this Court articulated in *Jones* and the Dow Cases, the relevant factors pertinent to a motion to stay are: (1) "the potentiality of another case having a dispositive effect on the case to be stayed," (2) "the judicial economy to be saved by waiting on a dispositive decision," (3) "the public welfare," and (4) "the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citing *Landis*, 299 U.S. at 255).

This Court has already found that "all factors favor a stay" in cases where Dow is a defendant – like *Jones* and the Dow Cases – while the *Jones* mandamus petition is pending. Ex. A at 1-2 (PageID.4991-92). As in *Jones* and the Dow Cases, here the question of recusal is paramount and, accordingly, "a stay would not seemingly harm or prejudice any Party[.]" *Id.* at 2 (PageID.4992).

This Court's findings in *Jones* and the Dow Cases apply fully to this action. First, this Court has recognized that although the *Jones* mandamus petition will not dispose of the merits of any case involving Dow, by possibly "preclude[ing] the undersigned from presiding over them" (*id.*), the first two elements are met. *See also, e.g.*, *Arkona*, 2021 WL 2381892, at *3 (similar). That reasoning strongly supports Lead Plaintiff's motion. In addition, because the Rollin M. Gerstacker Foundation (the "Gerstacker Foundation") owns Dow common stock (Ex. E at 13, PageID.5083) – one of the securities at issue in this action (ECF No. 1 at ¶1, PageID.2) – and, therefore, may be a member of the putative class that Lead Plaintiff

- 6 -

seeks to represent, it is critical that the parties have clarity on whether the Court's affiliation with the Gerstacker Foundation warrants recusal.

Second, the Court has already assessed and found that Dow will not suffer any prejudice or hardship from the delay in waiting for the Sixth Circuit to resolve the *Jones* mandamus petition, meaning the final two elements are also clearly established. Ex. A at 2 (PageID.4992). Lead Plaintiff respectfully submits that if Defendants were to argue otherwise in this action, that position is untenable and has effectively been waived because ***Dow has made no effort in the Jones district court case (or in the Dow Cases) to lift or challenge the stays imposed by this Court in those nine cases since July 2025***. Indeed, Dow's local counsel in this action is the same law firm that is counsel of record for Dow in the *Jones* district court case. If Dow truly believed that the Company has been and is continuing to be prejudiced by this Court's stay, then Dow would have moved for relief by now in *Jones*. Dow's nearly seven months of inaction speaks volumes, and strongly supports a finding that Dow will not be prejudiced by Lead Plaintiff's requested stay.

Thus, Lead Plaintiff respectfully submits that granting the requested stay is consistent with this Court's *sua sponte* Order in *Jones* and the Dow Cases. Nonetheless, in the interest of judicial economy and efficiency, Lead Plaintiff believes it is prudent to address the proceedings in this action should the Court disagree and deny this motion, or should the *Jones* mandamus petition be resolved

- 7 -

during the pendency of this motion and the Sixth Circuit finds that this Court does not need to be recused from cases involving Dow.

Lead Plaintiff respectfully submits that if the *Jones* mandamus petition is resolved before March 31, 2026, or if the Court denies this motion, that the parties be ordered to adhere to the briefing schedule proposed by Defendants, as follows: (1) amended complaint due on March 31, 2026; (2) motion to dismiss due on June 1, 2026; (3) motion to dismiss opposition due on July 31, 2026; and (4) motion to dismiss reply due on September 14, 2026.  *See* Ex. C.  If the *Jones* mandamus petition is resolved after March 31, 2026, Lead Plaintiff will file an amended complaint two weeks thereafter, and will confer in advance of filing the amended complaint with Defendants on a briefing schedule for Defendants' anticipated motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant a stay pending resolution of the *Jones* mandamus petition.  If the Court denies this motion, or if the *Jones* mandamus petition is resolved before March 31, 2026, Lead Plaintiff respectfully requests that the Court order the parties to adhere to Defendants' proposed briefing schedule.  If the *Jones* mandamus petition is resolved after March 31, 2026, Lead Plaintiff will file an amended complaint two weeks

- 8 -

thereafter, and will confer in advance of filing the amended complaint with Defendants on a briefing schedule for Defendants' anticipated motion to dismiss.

DATED:  February 13, 2026                    Respectfully Submitted,

ROBBINS GELLER RUDMAN &
DOWD LLP
SAMUEL H. RUDMAN
MICHAEL G. CAPECI
MAGDALENE ECONOMOU


                                        */s/ Michael G. Capeci*
                                        MICHAEL G. CAPECI

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
*srudman@rgrdlaw.com*
*mcapeci@rgrdlaw.com*
*meconomou@rgrdlaw.com*

*Lead Counsel for Lead Plaintiff*

VANOVERBEKE, MICHAUD
& TIMMONY, P.C.
THOMAS C. MICHAUD (P46787)
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
*tmichaud@vmtlaw.com*

*Local Counsel*

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I authorized the electronic filing of the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

_/s/ Michael G. Capeci_

MICHAEL G. CAPECI