# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


                                              Honorable Thomas L. Ludington
*In re:*                                      United States District Judge

*Jones v. Dow Chem. Co.*, Case No. 1:23-cv-11814 (E.D. Mich. July 26, 2023);
*Walker v. Dow Chem. Co.*, Case No. 1:24-cv-12219 (E.D. Mich. Aug. 24, 2024);
*Williams v. Dow Chem. Co.*, Case No. 1:24-cv-12220 (E.D. Mich. Aug. 24, 2024);
*Baston v. Dow Chem. Co.*, Case No. 1:24-cv-12411 (E.D. Mich. Sep. 13, 2024);
*Jackson v. Dow Chem. Co.*, Case No. 1:24-cv-12459 (E.D. Mich. Sep. 19, 2024);
*Bledson v. Dow Chem. Co.*, Case No. 1:24-cv-12912 (E.D. Mich. Nov. 2, 2024);
*Biggins v. Dow Chem. Co.*, Case No. 1:24-cv-12969 (E.D. Mich. Nov. 7, 2024);
*Santos v. Dow Chem. Co.*, Case No. 1:24-cv-13012 (E.D. Mich. Nov. 13, 2024);
*Yu v. Dow Chem. Co.*, Case No. 1:25-cv-11478 (E.D. Mich. May 19, 2025)

_____/

**ORDER STAYING CASES**

On June 30, 2025, this Court issued an Opinion & Order in the nine above-captioned cases that vacated all operative scheduling orders in light of a pending writ of mandamus challenging the undersigned as biased in favor of Dow Chemical Corporation and seeking the undersigned's recusal.[1] *See In re Sushma Jones*, Case No. 25-1486 (6th Cir. May 29, 2025). True, this petition seeks recusal in only one of the nine above-captioned cases. But, as this Court explained, if the petition is granted and the Sixth Circuit agrees with Ms. Jones's contention that the undersigned is biased in favor of Dow Chemical, such a ruling would equally apply to all other above-captioned cases and, seemingly, any case involving any Dow affiliate. Yet, this Court's June 30 Order vacating the scheduling orders did not explicitly indicate that each of the nine above-captioned cases were *stayed*. This clarifying order does just that.

---

[1] Ms. Sushma Jones filed the writ of mandamus on May 29, 2025. *See In re Sushma Jones*, Case No. 25-1486 (6th Cir. May 29, 2025). The Sixth Circuit has yet to issue any opinion or orders addressing the mandamus petition and has not yet set a briefing schedule or invited the undersigned to respond. *See* FED. R. APP. P. 21(b).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). And this power can be wielded *sua sponte. See, e.g.*, *Collins ex rel. Collins v. Barry*, 841 F.2d 1297, 1299 (6th Cir. 1988) (*sua sponte* staying proceedings pending the outcome of a Supreme Court case); B*ridging Cmtys., Inc. v. Top Flite Fin., Inc*., No. 09-14971, 2013 WL 185397, at *1–2 (E.D. Mich. Jan. 17, 2013) (same). Relevant factors include: "(1) the potentiality of another case having a dispositive effect on the case to be stayed," (2) "the judicial economy to be saved by waiting on a dispositive decision," (3) "the public welfare," and (4) "the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citing *Landis*, 299 U.S. at 255, 57).

Here, all factors favor a stay. Although the pending mandamus petition would not dispose of the *merits* of any of the nine above-captioned cases, it may preclude the undersigned from presiding over them. Indeed, it would be improper for the undersigned to proceed in any of the above-captioned cases until the issue of recusal is first resolved. *See, e.g*., *Honorable Ord. of Kentucky Colonels, Inc. v. Kentucky Colonels Int'l*, No. 3:20-CV-132-RGJ, 2025 WL 1117428, at *1 (W.D. Ky. Apr. 15, 2025) (noting motions for recusal "presumably impact[] all other" pending motions and should accordingly be "addresse[d] . . . first"); *Berryman v. Artis*, No. 2:23-CV-12339, 2025 WL 415729, at *1 n.1 (E.D. Mich. Jan. 2, 2025) ("Because determination of Plaintiffs' Motion for Recusal has bearing on the Court's ability to rule on the remaining motions, the Court will address it first."). For similar reasons, a stay would not seemingly harm or prejudice any Party in any of the above-captioned cases. Indeed, practically, the cases have already been

stayed: the scheduling orders have already been vacated, to be re-set after the Sixth Circuit resolves the pending mandamus petition. This Order simply clarifies that the cases are stayed pending this resolution.

Accordingly, it is **ORDERED** that the above-captioned cases are **STAYED** pending the Sixth Circuit's resolution of the petition for writ of mandamus in *In re Sushma Jones*, Case No. 25-1486 (6th Cir. May 29, 2025).

**This is not a final order and does not close the above-captioned cases.**

Dated: July 30, 2025

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge