# EXHIBIT B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

|  |  |
|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DOW INC., THE DOW CHEMICAL COMPANY, JIM FITTERLING, JEFFREY L. TATE and KAREN S. CARTER,<br><br>Defendants. | C.A. No. 25-cv-12744-TLL-PTM |

---

## STIPULATION REGARDING THE FILING OR DESIGNATION OF THE OPERATIVE COMPLAINT AND THE RESPONSES THERETO

---

Plaintiff, Todd A. Sarti ("Plaintiff"), and defendants, Dow Inc., the Dow Chemical Company, Jim Fitterling, Jeffrey L. Tate, and Karen S. Carter ("Defendants"; with Plaintiff, the "Parties"), hereby stipulate and agree as follows:

WHEREAS, on August 29, 2025, Plaintiff filed a complaint captioned *Sarti v. Dow Inc.*, No. 1:25-cv-12744-TLL-PTM (the "Complaint"), a putative class action arising under the Securities Exchange Act of 1934 ("Exchange Act"), including the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4,

- 1 -

against Defendants;

WHEREAS, Section 21D(a)(3)(A)(i) of the PSLRA requires a plaintiff to cause public notice to be published within twenty (20) days of filing a putative class action that arises under the PSLRA, which notice Plaintiff caused to be published on August 29, 2025;

WHEREAS, any motions for appointment of lead plaintiff and lead counsel pursuant to Section 21D(a)(3)(A)(i)(II) of the PSLRA were due to be filed with the Court on or before October 28, 2025;

WHEREAS, on October 28, 2025, five members of the putative Class alleged in this action (none of which are Plaintiff) filed competing motions for appointment as Lead Plaintiff and approval of their respective selections of counsel to oversee the fraud claims in this action (*see* Dkt. Nos. 9-13);

WHEREAS, on October 29, 2025, one of the aforementioned putative Class members withdrew their motion for appointment as Lead Plaintiff and approval of selection of counsel (*see* Dkt. No. 14), while the remaining competing motions by the four other putative Class members remain pending before this Court;

WHEREAS, it is customary in actions governed by the PSLRA, like the instant action, for the Court-appointed Lead Plaintiff, after appointment, to file their own amended complaint that supersedes the initial complaint in the action;

WHEREAS, the Parties agree that, for reasons of judicial efficiency and

economy, conservation of time and resources, and orderly management of this action, Defendants should not respond to the initial Complaint or any other complaint filed in this action until after: (i) the Court has appointed lead plaintiff and lead counsel; (ii) counsel for lead plaintiff and counsel for Defendants have met and conferred and agreed upon a proposed schedule under which lead plaintiff will file an amended complaint or designate the initial Complaint as the operative complaint, and Defendants will file responses thereto, and (iii) the Court has issued a scheduling order following receipt of the Parties' proposed schedule; and

WHEREAS, all Defendants have agreed to, and hereby do, waive service of the summons and Complaint (Dkt. No. 1);

NOW THEREFORE, the Parties hereby agree to the following relief, and terms and conditions relating thereto:

1. Within fourteen (14) days following the appointment of a lead plaintiff and lead counsel, counsel for lead plaintiff and counsel for Defendants will meet and confer and submit a proposed schedule to the Court for (a) the filing or designation of the operative complaint, and (b) Defendants' responses thereto.

2. Defendants shall have no obligation to answer or otherwise respond to, and each Defendant is expressly relieved from answering or otherwise responding to the Complaint or any other complaint in this Action until the deadline for such responses ordered by the Court after it receives the proposed schedule.

- 3 -

3. Defendants waive service of the summons and Complaint (Dkt. No. 1) pursuant to Fed. R. Civ. P. 4(d).

4. Except as to the defense of insufficiency of service of process, by entering into this stipulation, Defendants do not waive, and hereby expressly preserve, all potential defenses in this litigation, including but not limited to defenses relating to venue or jurisdiction.

IT IS SO STIPULATED.

Dated: November 11, 2025                    Respectfully submitted,


By: /s/Matthew Henzi                         By: /s/Jonathan E. Lauderbach
Matthew Henzi (P57334)
**ASHERKELLY**                               Jonathan E. Lauderbach (P51313)
25800 Northwestern Highway,                  **WARNER NORCROSS + JUDD**
Suite 1100                                   **LLP**
Southfield, Michigan 48075                   715 East Main Street, Suite 110
Telephone: (248) 746-2710                    Midland, Michigan 48640
mhenzi@asherkellylaw.com                     Tel: 989.698.3700
                                             jlauderbach@wnj.com
Jeremy A. Lieberman
J. Alexander Hood II
**POMERANTZ LLP**                            **ALLEN OVERY SHEARMAN**
600 Third Ave., 20th Floor                   **STERLING US LLP**
New York, NY 10016
Telephone: (212) 661-1100                    Lyle Roberts
Facsimile: (917) 463-1044                    1101 New York Ave., NW
jalieberman@pomlaw.com                       Washington, DC 20005
ahood@pomlaw.com                             Telephone: (202) 508-8108
                                             lyle.roberts@aoshearman.com
*Counsel for Plaintiff*
                                             Mallory Tosch Hoggatt
                                             800 Capitol St., Suite 2200

Houston, TX 77002
Telephone: (713) 354-4800
mallory.toschhoggat@aoshearman.com

***Counsel for Defendants***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TODD A. SARTI, individually and on behalf
of all other similarly situated

               Plaintiffs,                    Case No. 1: 25-cv-12744

v.                                      Honorable Thomas L. Ludington
                                       United States District Judge

DOW INC., et al.,

               Defendants.

_____/

**ORDER REGARDING THE FILING OR DESIGNATION OF THE OPERATIVE
COMPLAINT AND RESPONSES THERETO**

This Court has reviewed the Parties' *Stipulation Regarding the Filing or Designation of the Operative Complaint and the Responses Thereto* (the "Stipulation") and finds that the relief requested therein is appropriate.

Accordingly, it is hereby **ORDERED** that, subject to the Stipulation, including paragraphs 1-4 therein:

1. Within fourteen (14) days following the Court's appointment of a lead plaintiff and lead counsel, counsel for lead plaintiff and counsel for Defendants shall meet and confer and submit a proposed schedule to the Court for the filing or designation of the operative complaint and Defendants' responses thereto; and

2. Defendants shall have no obligation to answer or otherwise respond to, and each Defendant is expressly relieved from, answering or otherwise responding to any complaint filed in this action until the deadline for such responses ordered by the Court after it receives the Parties' proposed schedule.

- 2 -

**IT IS SO ORDERED.**

Dated: November 19, 2025

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

- 2 -