# EXHIBIT D

No. 25-1486

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Dec 17, 2025

KELLY L. STEPHENS, Clerk

In re: SUSHMA JONES,                          )
                                              )          O R D E R
          Petitioner.                         )

Before:  WHITE, BUSH, and NALBANDIAN, Circuit Judges.

Plaintiff Sushma Jones petitions for a writ of mandamus directing the Honorable Thomas L. Ludington to recuse himself from presiding over her district court case pursuant to 28 U.S.C. § 144.

Mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)).  "As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue." *Id.* (citation modified).  We will issue the writ only if: (1) the petitioner seeking the writ has no other adequate means to attain the desired relief; (2) the petitioner establishes that his right to the writ is clear and indisputable; and (3) we, in our discretion, are satisfied that the writ is appropriate under the circumstances. *Id.* at 380–81.

In her mandamus petition, Jones seeks disqualification under § 144, but below, she also sought disqualification under 28 U.S.C. § 455.  We will "consider a petition for mandamus following a district court's denial of a motion to disqualify based on conflict of interest and

No. 25-1486
-2-

appearance of partiality under 28 U.S.C. § 455 . . . ." *In re Aetna Cas. & Sur. Co.*, 919 F.2d 1136, 1143 (6th Cir. 1990). We have acknowledged that the standard for recusal under § 455(b)(1) "entirely duplicates the grounds of recusal set forth in § 144," *Bell v. Johnson*, 404 F.3d 997, 1004 n.7 (6th Cir. 2005) (citation modified), and that "the case [need not] be transferred to another judge to determine the legal sufficiency of the affidavits" under § 144, *id.* at 1005 n.8. It therefore follows that we may likewise review a district court's denial of disqualification under § 144 via mandamus petition. However, where, as here, the district court has yet to rule on the motion to disqualify, our review would benefit from a more fully developed record. *See In re Kensington Int'l, Ltd.*, 368 F.3d 289, 293 (3d Cir. 2004).

For the reasons discussed above, we **RESERVE** ruling on the mandamus petition. Further, we **DIRECT** the district court to rule on the motion to recuse pending before it on or before January 6, 2025. If the district court finds that its disposition of the motion to recuse does not fully address the mandamus petition, it is **INVITED** to file a response to the mandamus petition within twenty-one (21) days of its disposition of the motion to recuse. Upon receipt of any response or expiration of the time to respond, this matter shall be resubmitted to the court.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 12/17/2025.

**Case Name:**   In re: Sushma Jones
**Case Number:**   25-1486

**Docket Text:**
ORDER filed - We RESERVE ruling on the mandamus petition. Further, we DIRECT the district court to rule on the motion to recuse pending before it on or before January 6, 2025. If the district court finds that its disposition of the motion to recuse does not fully address the mandamus petition, it is INVITED to file a response to the mandamus petition within twenty-one (21) days of its disposition of the motion to recuse. Upon receipt of any response or expiration of the time to respond, this matter shall be resubmitted to the court. Response due 01/06/2026.. Helene N. White, Circuit Judge; John K. Bush, Circuit Judge and John B. Nalbandian, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

**A copy of this notice will be issued to:**

Ms. Carla D. Aikens
Ms. Kinikia D. Essix