# EXHIBIT G

Case 1:25-cv-12744-JEL-PTM   ECF No. 25-8, PageID.575   Filed 02/13/26   Page 2 of 6

Johnson on behalf of X.M. v. Russell, Not Reported in Fed. Supp. (2024)

2024 WL 4728904
Only the Westlaw citation is currently available.
United States District Court, E.D. Michigan, Northern Division.

Cheyenne JOHNSON, ON BEHALF OF X.M., a minor, Plaintiff,
v.
Jason RUSSELL, Defendant.

Case No. 1:22-cv-12638
|
Signed October 7, 2024

**Attorneys and Law Firms**

Herbert A. Sanders, The Sanders Law Firm, PC, Detroit, MI, Shawndrica N. Simmons, Simmons Legal Services, PLLC, Pontiac, MI, for Plaintiff.

Gregory W. Mair, Kailen C. Piper, O'Neill, Wallace & Doyle, P.C., Saginaw, MI, for Defendant.

**OPINION AND ORDER GRANTING DEFENDANT's MOTION TO STAY PENDING APPEAL AND DENYING PLAINTIFF'S MOTION *IN LIMINE* WITHOUT PREJUDICE**

THOMAS L. LUDINGTON, United States District Judge

**\*1** Currently before the Court is Defendant Jason Russel's motion to stay proceedings pending his appeal of this Court's qualified immunity denial. For the reasons explained below, Defendant's Motion will be granted, the above-captioned case will be stayed pending appeal, and Plaintiff's recently filed Motion *in Limine* will be denied without prejudice, to be-refiled once the stay has been lifted.

**I.**

In November 2022, Cheyenne Johnson, on behalf of her minor son, Plaintiff X.M., sued (1) Mount Pleasant Public Schools ("MPPS"); (2) Jason Russell—Plaintiff's primary special education teacher at MPPS; (3) MPPS Assistant Principal Walderzak; (4) Erin Ulrich—one of Plaintiff's special education providers; (5) MPPS Principal Darby Weaver; (6) Ron Aherns—one of Plaintiff's general education teachers; and (7) MPPS Special Education Supervisor Stephanie House. ECF No. 1. Plaintiff's Complaint generally alleged that a few Defendants improperly searched him on two separate occasions throughout November 2021, after students reported Plaintiff made a statement about bringing a gun to school. *See id.* Plaintiff also alleged that he was improperly detained in Defendant Russell's special education classroom's "Break Room" on November 19, 2021. *See id.* Lastly, Plaintiff alleged Defendants failed to prevent racial discrimination and were not properly implementing his Individualized Education Plan (IEP). *See id.* Plaintiff's twelve-count Complaint alleged the following:

| Count | Claim | Defendants |
| --- | --- | --- |
| I. | Fourteenth Amendment Racial Discrimination; 42 U.S.C. § 1983 | All Defendants |
| II. | Fourth and Fourteenth Amendment "Due Process"; 42 U.S.C. § 1983 | All Defendants |

Case 1:25-cv-12744-JEL-PTM   ECF No. 25-8, PageID.576   Filed 02/13/26   Page 3 of 6

Johnson on behalf of X.M. v. Russell, Not Reported in Fed. Supp. (2024)

| III. | *Monell* Municipality § 1983 Liability | MPPS |
|------|---------------------------------------|------|
| IV. | Racial Discrimination; Michigan Elliott-Larsen Civil Rights Act | All Defendants |
| V. | Ethnic Intimidation; MICH. COMP. LAWS § 750.147b | All Defendants |
| VI. | Intentional Infliction of Emotional Distress | All Defendants |
| VII. | Assault and Battery | All Defendants |
| VIII. | Failure to Educate; 34 C.F.R. § 300.17 | All Defendants |
| IX. | Discrimination; Section 504 of the Rehabilitation Act | All Defendants |
| X. | Failure to Educate; Michigan Mandatory Special Education Act | All Defendants |
| XI. | Failure to Educate; Individuals with Disabilities Education Act | All Defendants |
| XII. | Improper School Seclusion and Restraint; Michigan Public Act 394 | All Defendants |

*See generally id.* In January 2024, all seven Defendants filed a joint motion seeking summary judgment on all claims. ECF No. 39. In August 2024, this Court issued an Opinion and Order granting this motion in large part. ECF No. 65. Indeed, all claims were dismissed against all Defendants, with two exceptions. *See Johnson on behalf of X.M. v. Mount Pleasant Pub. Sch.*, No. 1:22-CV-12638, 2024 WL 3825196, at \*17 (E.D. Mich. Aug. 14, 2024).

First, this Court held that there was a genuine issue of material fact as to whether Defendant Russell unreasonably searched Plaintiff on November 11, 2021 because—although adamantly denied by Russell—Plaintiff testified that Russell directed him to "[p]ull [his] pants down" once the two were inside Russell's special education classroom and *after* Russell and Walderzak searched Plaintiff in the hallway but found no firearm. *Id.* at \*15. In so doing, this Court held that Mr. Russell would not be entitled to qualified immunity if the jury found Plaintiff's factual allegations true at trial. *Id.* ("The 'reasonable suspicion' which justified the search of Plaintiff on November 11, 2021 dissipated the moment Mr. Russell and Assistant Principal Walderzak concluded Plaintiff did not have a firearm in his locker, in his backpack, in his pockets, or anywhere else on his person. Any further demand that Plaintiff remove outer articles of clothing to confirm he was unarmed is far too intrusive of Plaintiff's privacy, and would exceed the scope of a reasonable search, in violation of both the Fourth Amendment and clearly established law.").

**\*2** Second, this Court held that there was a genuine question of material fact as to whether Defendant Russell unreasonably seized Plaintiff on November 19, 2021 by placing him in the "Break Room"—a small, windowless room within Mr. Russell's special education classroom:

According to Defendants, Plaintiff was never seized because he entered the breakroom voluntarily and was free to leave at any time. ECF No. 39 at PageID.290. But, according to Plaintiff, Mr. Russell ordered him into the Break Room and Plaintiff was trapped inside for 20 minutes, despite his efforts to open the door from the inside. ECF No. 41-5 at PageID.624–29. Notably, Plaintiff's claim that *someone, somehow* prevented him from leaving the Break Room is *somewhat* corroborated by Mr. Russell's deposition testimony that, if he perceived a student as a "danger to themselves or others," he would "hold the handle" from the outside of the Break Room, such that "the door couldn't be opened" from the inside. ECF No. 41-3 at PageID.509. If Plaintiff was, in fact, trapped inside the Break Room—either because someone was holding the door shut

Case 1:25-cv-12744-JEL-PTM ECF No. 25-8, PageID.577 Filed 02/13/26 Page 4 of 6

Johnson on behalf of X.M. v. Russell, Not Reported in Fed. Supp. (2024)

from the outside or, as Plaintiff suspects, because someone placed a large metal doorstop outside the door, ECF No. 41-5 at PageID.627–29—Plaintiff's freedom of movement was significantly limited, far in excess of the limitations "inherent in every-day compulsory attendance" at school. *See Crochran through Shields v. Columbus City Sch.*, 748 F. App'x 682, 685 (6th Cir. 2018). In short, a jury could conclude Plaintiff was seized while in the Break Room on November 19, 2021.

A jury could also conclude that this seizure was unreasonable. Like Fourth Amendment searches, Fourth Amendment seizures are unreasonable if they are unjustified at their inception or unreasonable in scope. *Crochran through Shields v. Columbus City Sch.*, 748 F. App'x 682, 685 (6th Cir. 2018). Here, if Plaintiff was seized, the seizure was wholly unjustified. Unlike the earlier searches based on the reasonable suspicion that Plaintiff brought a firearm to school, Mr. Russell had no reasonable suspicion, on November 19, 2021 that Plaintiff violated school rules or the law. And Plaintiff was not displaying any behavioral issues that may have justified his placement in the Break Room in accordance with his IEP or to assuage any pedagogical concerns.

*Id.* at *15–16 (emphasis in original) (footnote omitted).

Accordingly, of the 12 claims Plaintiff pursued against seven separate Defendants, only two triable questions survived summary judgment: (1) Did Defendant Russell, in his personal capacity, unreasonably search Plaintiff on November 11, 2021 by asking him to pull his pants down after a cursory, permissible search revealed Plaintiff had no firearm?; and (2) Did Defendant Russell, in his personal capacity, unreasonably seize Plaintiff on November 19, 2021 by detaining him in the special education Break Room? Defendant Russell filed a timely notice of appeal, ECF No. 67, and, on September 10, 2024, filed a motion to stay proceedings pending this appeal. ECF No. 69. Plaintiff responded two days later. ECF No. 70.

## II.

"Because qualified immunity is a protection not only from liability, but also from the trial process, a stay of proceedings in the trial court while the appeal is prosecuted is generally required to preserve the rights of state officials." *Gentry v. Wayne County*, No. 10-11714, 2011 WL 13160849, at *1 (E.D. Mich. Oct. 17, 2011); *see also Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (recognizing that an appeal from a denial of qualified immunity "oblig[es]" the district court to "refrain from proceeding to trial ... until that issue is decided"). But a district court may decline to issue such a stay pending appeal if the appeal is (1) frivolous; or (2) being sought solely for purposes of delay. *Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *2 (E.D. Mich. Mar. 12, 2021) (citing *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991) (recognizing district court's discretion to certify appeal on qualified immunity grounds as frivolous and begin trial) and *Howlett v. City of Warren*, No. 17-11260, 2020 WL 5095521, at *1, *2 n.2 (E.D. Mich. Aug. 28, 2020) (granting stay pending interlocutory appeal of denial of qualified immunity upon finding that the appeal was neither frivolous nor sought for dilatory purposes)); *see also Monson v. Ghougoian*, No. 18-10638, 2023 WL 2249958 (E.D. Mich. Feb. 27, 2023) (staying case pending qualified immunity denial appeal analyzing only frivolity and delay); *Miller v. Gettel*, No. 21-CV-10175, 2022 WL 2070385, at *3 (E.D. Mich. June 8, 2022) (same).

## III.

### A.

**\*3** Defendant Russell's appeal is not frivolous. An appeal is "frivolous" only if it is " 'obviously without merit,' meaning that the appeal is 'solely a fact-based challenge to plaintiff's evidence and the district court's findings.' " *Id.* (quoting *McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016)). Solely fact-based challenges are frivolous because a district court's denial of qualified immunity is immediately appealable "only 'to the extent that it turns on an issue of law.' " *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). And an appeal "turns on an issue of law" when the issue raised "has some legal aspect to it" or when it is not "aimed solely at the district court's determination of the record-supported evidence." *Id.* (quoting *Bunkley v. City of Detroit*, 902 F.3d 552, 560–61 (6th Cir. 2018)).

Defendant Russell's appeal is not "aimed solely at" this Court's factual determinations. Plaintiff does not argue to the contrary. *See* ECF No. 70. Nor could he. This Court largely did not decide the underlying factual issues relevant to the remaining Fourth Amendment claims. Instead, it applied the appropriate summary-judgment standard of review and *assumed* these facts to be true, holding that, if the *facts* are resolved in Plaintiff's favor at trial, Defendant Russell, as a matter of *law*, violated clearly established Fourth Amendment law and 42 U.S.C. § 1983. *Johnson on behalf of X.M. v. Mount Pleasant Pub. Sch.*, No. 1:22-CV-12638, 2024 WL 3825196, at *15 (E.D. Mich. Aug. 14, 2024). Regarding Plaintiff's November 11, 2021 search, this Court held that—if Defendant Russell asked Plaintiff to pull his pants down just after Russell and Walderzak searched Plaintiff in the hallway but found no firearm—Russell's search was unreasonable in scope because any "reasonable suspicion" which may have justified the search in the hallway "dissipated the moment [Defendant Russell] and ... Walderzak concluded Plaintiff did not have a firearm in his locker, in his backpack, in his pockets, or anywhere else on his person." *Id.* (citing *Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 377 (2009) as clearly established precedent which requires school officials to have reasonable suspicion of danger or wrongdoing to remove outer articles of clothing throughout the search of a student). Regarding Plaintiff's November 19, 2021 Break Room detention, this Court held that—if Defendant Russell trapped Plaintiff in the Break Room for twenty minutes—such seizure was unreasonable at its inception because "[u]nlike the earlier searches based on reasonable suspicion that Plaintiff brought a firearm to school, Mr. Russell had no reasonable suspicion, on November 19, 2021[,] that Plaintiff violated school rules or the law." *Id.* at *16 (citing *Crochran through Shields v. Columbus City Sch.*, 748 F. App'x 682, 685 (6th Cir. 2018) as clearly established precedent requiring seizures of students to be justified at inception). True, these determinations rested in part on this Court's analysis of the factual record. But "[t]he Court's reliance on fact[s] does not preclude the Sixth Circuit from answering purely legal questions [an] appeal will present." *Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *3 (E.D. Mich. Mar. 12, 2021) (quoting *Gentry v. Wayne Cnty.*, No. 10-11714, 2011 WL 13160849, at *2 (E.D. Mich. Oct. 17, 2011)). Accordingly, a stay is not precluded for frivolity.

**B.**

Further, Plaintiff does not even attempt to suggest that Defendant Russell appealed this Court's qualified immunity denial *solely* to delay proceedings. To the contrary, Russell appealed promptly after this Court's August 14, 2024 Opinion and Order, over two months before trial was scheduled to begin. *See* ECF No. 65 at PageID.3242. By contrast, in *McDonald v. Flake*, the Sixth Circuit found a dilatory appeal because it was shown to be "clearly futile" and was filed "only days before trial was scheduled to begin." 814 F.3d 804, 817 (6th Cir. 2016). Although a stay would delay trial, proceeding with trial while Russell's appeal is pending would "waste judicial resources." *Monson v. Ghougoian*, No. 18-10638, 2023 WL 2249958, at *1 (E.D. Mich. Feb. 27, 2023); *see also Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *3 (E.D. Mich. Mar. 12, 2021) ("[T]hat the interlocutory appeal will necessarily delay trial does not, alone, establish that the appeal is sought for dilatory purposes."). The only claims that survived summary judgment were Plaintiff's Fourth Amendment claims against Defendant Russell in his personal capacity. Although this Court is confident in its conclusions, if the Sixth Circuit reverses and holds that Russell did not violate clearly established Fourth Amendment law, no triable claim remains. It makes far more sense to stay the case pending Defendant Russell's appeal than to run the risk of "try[ing] a case that should not be tried." *Monson*, 2023 WL 2249958, at *1 (E.D. Mich. Feb. 27, 2023).

 **\*4** Because Defendant Russell's appeal is not frivolous nor sought solely to delay proceedings, his Motion to stay proceedings pending his appeal will be granted.

**IV.**

Accordingly, it is **ORDERED** that Defendant Russell's Motion to Stay, ECF No. 69, is **GRANTED.**

Further, it is **ORDERED** that the above-captioned case is **STAYED** pending resolution of Defendant's appeal, *Johnson v. Russell*, No. 24-1173 (6th Cir.), or until further order of this Court.

Further, it is **ORDERED** that Plaintiff's Motion *in Limine*, ECF No. 72, is **DENIED WITHOUT PREJUDICE**, and may be re-filed once the stay in the above-captioned case has been lifted.

Further, it is **ORDERED** that the Parties are **DIRECTED** to file a joint status report **every 60 days, the first report due November 1, 2024**, that details the appeal's status.

**This is not a final order and does not close the above-captioned case.**

**All Citations**

Not Reported in Fed. Supp., 2024 WL 4728904

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.