# EXHIBIT I

Case 1:25-cv-12744-JEL-PTM ECF No. 25-10, PageID.586 Filed 02/13/26 Page 2 of 4

Kanuszewski v. Michigan Department of Health and Human..., Not Reported in Fed....

2019 WL 1002489
Only the Westlaw citation is currently available.
United States District Court, E.D. Michigan, Northern Division.

Adam KANUSZEWSKI, et al., Plaintiff,

v.

MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., Defendant.

Case No. 18-cv-10472
|
Signed 03/01/2019

**Attorneys and Law Firms**

Philip L. Ellison, Outside Legal Counsel PLC, Hemlock, MI, for Plaintiff.

Aaron W. Levin, Christopher L. Kerr, Thomas S. Marks, Michigan Department of Attorney General, Lansing, MI, for Defendants Michigan Department of Health and Human Services, Nick Lyons, Sandip Shah, Sarah Lyon-Callo, Mary Kleyn.

Jeremy C. Kennedy, Jerold Lax, Pear sperling Eggan & Daniels, P.C., Ann Arbor, MI, for Defendant Michigan Neonatal Biobank, Inc.

Jeremy C. Kennedy, Jerold Lax, Pear sperling Eggan & Daniels, P.C., Ann Arbor, MI, Thomas F. Cavalier, Wayne State University Office of the General Counsel, Detroit, MI, for Defendant Antonio Yancey.

## ORDER GRANTING MOTION TO STAY

THOMAS L. LUDINGTON, United States District Judge

 **\*1** On February 8, 2018, Plaintiffs Adam and Ashley Kanuszewski, Shannon Laporte, and Lynette Wiegand filed a complaint pursuant to 42 U.S.C. § 1983 as parent-guardians and next friend to their minor children (collectively, "Plaintiffs"). ECF No. 1. They alleged that the State of Michigan operates an unconstitutional Newborn Screening Program which involves sampling, testing, and storing infant blood without parental consent. The complaint named Defendants Michigan Department of Health and Human Services (MDHHS) and its director Nick Lyon, MDHHS Bureau of Laboratories director Dr. Sandip Shah, state epidemiologist and Michigan BioTrust manager Dr. Sarah Lyon-Callo, MDHHS Newborn Screening managers Harry Hawkins [1] and Mary Kleyn, Michigan Neonatal Biobank (the "Biobank") (also known as the Michigan Neonatal Biorepository) and its director Dr. Antonio Yancey. The named individuals were sued in their official and individual capacities. Plaintiff filed an amended complaint (which they titled as a "corrected complaint") to address a deficiency in the original complaint (no summons requested), which was stricken. ECF No. 3.

Defendants filed motions to dismiss. ECF Nos. 15, 21. In response, Plaintiffs filed a second amended complaint as of right, and the motions to dismiss were terminated as moot. *See* ECF Nos. 26. Defendants then filed motions to dismiss the amended complaint pursuant to Federal Rule of Civil procedure 12(b)(1) and 12(b)(6). ECF No. 32, 33, 34.

On August 8, 2018, the Court entered an order granting the motions to dismiss, dismissed the complaint, and entered judgment in favor of Defendants. ECF Nos. 50–51. Plaintiffs appealed that same day. ECF No. 52. In the order granting the motions to dismiss, the Court analyzed four potential classes of claims: 1) blood testing in violation of the fourteenth amendment; 2) blood retention and use in violation of the fourteenth amendment; 3) blood testing in violation of the fourth amendment; and 4) blood retention and use in violation of the fourth amendment. The Court found that none of the claims were cognizable. On September

Case 1:25-cv-12744-JEL-PTM ECF No. 25-10, PageID.587 Filed 02/13/26 Page 3 of 4

Kanuszewski v. Michigan Department of Health and Human..., Not Reported in Fed....

5, 2018, Defendants moved for attorney fees as a prevailing party under 42 U.S.C. § 1988. The State Defendants filed their own motion, as did Defendant Biobank and Antonio Yancey. ECF Nos. 54-55.

On January 24, 2019, the Court entered an order granting the motions for fees in part. ECF No. 64. The Court held that only certain claims advanced by the Plaintiffs were frivolous. The parties were directed to file supplemental briefing addressing what portion of the requested fees were attributable to the frivolous claims. Plaintiffs moved to stay all proceedings pending appeal and also moved for reconsideration of the Court's order granting Defendants' motion for fees in part. ECF Nos. 65, 66. Defendants filed their supplemental brief in support of their fee motion on February 8. ECF Nos. 67, 69. Plaintiffs filed their supplemental brief on February 22, 2019. ECF No. 6.

## I.

**\*2** Plaintiffs argue that a stay is appropriate because oral argument on appeal is scheduled for March 13, 2019, and that the decision on appeal could potentially affect the Court's determination as to what fee award is appropriate, if any.

Defendants oppose the motion to stay, arguing that "Plaintiffs have not shown a substantial likelihood of success on the merits, or that they will suffer irreparable harm, and a stay will substantially injure other interested parties, is in not the public interest, or the best use of judicial resources." ECF No. 70.

The familiar four-factor test identified by Defendants (success on the merits, balance of equities, public interest) does not apply to motions to stay execution of a *monetary judgment*, but only applies to motions to stay execution of orders granting injunctive relief. *Bryant v. Meade & Assocs., Inc.*, No. 15-10199, 2017 WL 445593, at \*2 (E.D. Mich. Feb. 2, 2017) (noting that the test "applies to stays of injunctive relief under Rule 62(c), not stays of monetary judgments under Rule 62(d)"); *Acosta v. Min & Kim Inc.*, No. 15-CV-14310, 2018 WL 3586369, at \*2 (E.D. Mich. July 26, 2018) ("*Griepentrog* considered a requested stay of injunctive relief, not a stay of a monetary judgment. This court did not award injunctive relief in this case which suggests that the *Griepentrog* four-factor test is not relevant here").

Defendants also ask that Plaintiff be required to post a supersedes bond of $10,000 before a stay is granted (presumably pursuant to Federal Rule of Civil Procedure 62(d), though the authority for the request is not identified). Rule 62 is not applicable either, however, because Defendants have not yet obtained a money judgment. That is, the Court has merely held that some of Plaintiff's claims were frivolous. The Court has not yet evaluated the sufficiency of the billing records offered by Defendants in support of their fee request or determined what amount of fees is warranted.

Thus, Defendants have been awarded no monetary judgment. Accordingly, the instant motion is not a motion to stay a monetary judgment. Rather, it is simply a motion to stay proceedings pending appeal, which this Court has discretion to grant. This power is "incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Here, these considerations weigh in favor of granting a stay. Oral argument is set for March 13, 2019 before the Sixth Circuit. A decision will likely be issued relatively shortly thereafter. Because the Sixth Circuit's opinion could impact the analysis of the motion for fees and the motion for reconsideration, these proceedings will be stayed.

Accordingly, it is **ORDERED** that the motion to stay, ECF No. 65, is **GRANTED**. After a decision is issued, the Court will enter an order lifting the stay.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 1002489

Case 1:25-cv-12744-JEL-PTM ECF No. 25-10, PageID.588 Filed 02/13/26 Page 4 of 4

Kanuszewski v. Michigan Department of Health and Human..., Not Reported in Fed....

## Footnotes

1        Mr. Hawkins has since passed away.

---

**End of Document**                                                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.