**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated, | C.A. No. 25-cv-12744-TLL-PTM |
| Plaintiff, | District Judge Thomas L. Ludington |
| v. | Magistrate Judge Patricia T. Morris |
| DOW, INC., THE DOW CHEMICAL COMPANY, JIM FITTERLING, JEFFREY L. TATE and KAREN S. CARTER, | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO**
**LEAD PLAINTIFF'S MOTION TO STAY ACTION**

**TABLE OF CONTENTS**

STATEMENT OF ISSUE PRESENTED ................................................................ ii

MOST CONTROLLING AUTHORITY ................................................................ iii

INTRODUCTION ............................................................................................1

STATEMENT OF FACTS ..................................................................................2

ARGUMENT ...................................................................................................3

CONCLUSION ................................................................................................7

## STATEMENT OF ISSUE PRESENTED

Should the Court preemptively stay this Action—before Lead Plaintiff files an amended complaint and the parties brief Defendants' motion to dismiss—even though no substantive judicial action in this case is likely to be required until at least September 14, 2026, when Defendants' motion to dismiss is fully briefed?

## MOST CONTROLLING AUTHORITY

The controlling or most appropriate authorities for deciding Lead Plaintiff's

motion include:

1. *Jones v. Dow Chem. Co.*, No. 1:23-cv-11814, ECF No. 164 (E.D. Mich. June 30, 2025)

2. *Jones v. Dow Chem. Co.*, No. 1:23-cv-11814, ECF No. 176 (E.D. Mich. July 30, 2025)

3. *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)

4. *Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393 (6th Cir. 1977)

5. *Int'l Bhd. of Elec. Workers v. AT&T Network Sys.*, 1989 WL 78212 (6th Cir. 1989)

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Arkona, LLC v. County of Cheboygan*,
   2021 WL 2381892 (E.D. Mich. June 10, 2021) (Ludington, J.) ..........................7

*Doe v. Univ. of Michigan*,
   2019 WL 13378026 (E.D. Mich. Nov. 15, 2019)................................................3

*Int'l Bhd. of Elec. Workers v. AT&T Network Sys.*,
   1989 WL 78212 (6th Cir. 1989) ....................................................................3, 6

*Johnson on behalf of X.M. v. Russell*,
   2024 WL 4728904 (E.D. Mich. Oct. 7, 2024) (Ludington, J.)............................6

*Jones v. Dow Chem. Co.*,
   No. 1:23-cv-11814, ECF No. 164 (July 30, 2025) ..........................................1, 4

*Kanuszewski v. Mich. Dept. of Health & Human Srvs.*,
   2019 WL 1002489 (E.D. Mich. Mar. 1, 2019) (Ludington, J.)..........................7

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)...........................................................................................3

*Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*,
   565 F.2d 393 (6th Cir. 1977) ............................................................................3

*Ricketts v. Consumers Energy Co.*,
   2017 WL 2351731 (E.D. Mich. May 31, 2017) (Ludington, J.) ........................7

*Shupe v. Rocket Companies, Inc.*,
   660 F. Supp. 3d 647 (E.D. Mich. 2023) (Ludington, J.) ...................................5

*In re Sushma Jones*,
   No. 25-1486 (May 28, 2025) ............................................................................2

**Statutes**

15 U.S.C. § 78u-4 (or "PSLRA") .......................................................................5, 6

iv

**INTRODUCTION**

Lead Plaintiff's stay request based on the pending recusal motion before the U.S. Court of Appeals for the Sixth Circuit in *In re Sushma Jones* is premature and may never be ripe for consideration.  This Court stayed the *Jones* case, and eight related cases (collectively, the "Stayed Cases"), because there were 36 motions briefed and pending in those cases and "[i]t would be improper to decide any other pending motion" in those cases "until after the recusal issue had been resolved." *Jones v. Dow Chem. Co.*, No. 1:23-cv-11814 ("*Jones*"), ECF No. 164 ("Ex. D")[1] at PageID.4923 (July 30, 2025); Mot. Ex. E at 6-7.

There are no motions briefed and pending in this case.  To the contrary, the parties have agreed upon a stipulated schedule that ensures no substantive judicial action in this case is likely to be required until at least September 14, 2026, when Defendants' motion to dismiss is fully briefed.[2] Imposing a stay now would delay progress in the case and prejudice Defendants.

Defendants respectfully request that the Court deny Lead Plaintiff's stay request and enter an order that reflects the stipulated schedule for an amended

---

[1] Citations to "Ex. __" refer to Exhibits described in the accompanying Index of Exhibits. Pursuant to the Court's Practice Guidelines and the Local Rules, the Index includes all unpublished materials not previously cited in this case.

[2] To be precise, Lead Plaintiff has conditioned his agreement on the Court's denial of his stay motion.  Mot. at PageID.512.

1

complaint and motion to dismiss. To assist the Court, a proposed order is attached hereto as Exhibit A.

## STATEMENT OF FACTS

The first complaint was filed in this case on August 29, 2025.  ECF No. 1. Lead Plaintiff filed his motion for appointment as lead plaintiff on October 28, 2025. *See* ECF No. 13.

Lead Plaintiff did not move to stay this case before the Court decided his lead plaintiff motion, notwithstanding that the *Jones* plaintiff had already moved this Court for recusal and petitioned the Sixth Circuit for a writ of mandamus based on the Court's supposed connections with Dow, and this Court had entered an order staying *Jones* and eight related cases.  *See Jones*, ECF Nos. 143 (Ex. B) and 151 (Ex. C) (Motion for Recusal filed on May 8, 2025; Reply to Motion for Recusal filed on May 27, 2025); *In re Sushma Jones*, No. 25-1486, Dkt. 1-2 (May 28, 2025) (Ex. E) (petition for writ of mandamus); *Jones*, ECF No. 176 (order dated July 30, 2025, staying the Stayed Cases).

On January 30, 2026, the Court granted Lead Plaintiff's motion for appointment as lead plaintiff, directing Lead Plaintiff and Defendants to submit within 14 days a briefing schedule for an amended complaint and motion to dismiss. *See* ECF Nos. 19, 20.  Only on February 13, 2026, two weeks after being appointed

2

Lead Plaintiff and more than three months after submitting his lead plaintiff motion, did Lead Plaintiff file his motion to stay.  ECF No. 25.

Since then, Defendants have learned that the District Court (E. D. Mich.) issued a press release dated February 23, 2026, titled "U.S. District Judge Thomas L. Ludington Takes Voluntary Leave."  Defendants at the present time do not know of the effect that may have on Lead Plaintiff's motion to stay, but submit this Opposition because Lead Plaintiff's motion is still pending, and it is still inappropriate for this action to be stayed on the grounds asserted in the motion.

## ARGUMENT

The broad power to stay proceedings derives from "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Jones*, ECF No. 176 at PageID.4992 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  Courts typically consider "(1) the potentiality of another case having a dispositive effect on the case to be stayed, (2) the judicial economy to be saved by waiting on a dispositive decision, (3) the public welfare, and (4) the hardship/prejudice to the party opposing the stay, given its duration."  *Id.* (citation and internal quotation marks omitted).  Foremost among these considerations is whether the movant "will suffer irreparable injury if the case moves forward" or "granting the stay will further the interest in economical use of judicial time and resources." *Int'l Bhd. of Elec. Workers v. AT&T*

*Network Sys.*, 1989 WL 78212, at *8 (6th Cir. 1989) (table decision) (citing, among others, *Landis*, 299 U.S. at 255); *Doe v. Univ. of Michigan*, 2019 WL 13378026, at *1 (E.D. Mich. Nov. 15, 2019) (applying *Landis* and *International Brotherhood*). Absent a pressing need for delay, Sixth Circuit courts do not grant stays.  *See Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

According to Lead Plaintiff, "the *same reasoning* underlying this Court's decision to stay *Jones* and the Dow Cases fully supports granting a stay here until the *Jones* mandamus petition is resolved."  Mot. at 1 (emphasis added).  It does not.

The Court's vacatur decision was expressly based on the fact that there were 36 motions briefed and pending in those cases and "[i]t would be improper to decide any other pending motion" in those cases "until after the recusal issue had been resolved."  Ex. D at PageID.4923; Mot. Ex. E at 6-7.  In support of its holding, the Court cited decisions from the Western District of Kentucky and the Eastern District of Michigan, both of which expressly refer to the impact of a stay on motions pending before the court.  *See* Ex. D at PageID.4923 (citing *Honorable Ord. of Kentucky Colonels, Inc. v. Kentucky Colonels Int'l*, 2025 WL 1117428, at *1 (W.D. Ky. Apr. 15, 2025) (noting motions for recusal "presumably impact[] all other" pending motions and should accordingly be "addresse[d] . . . first"); *Berryman v. Artis*, 2025 WL 415729, at *1 n.1 (E.D. Mich. Jan. 2, 2025) ("Because determination

4

of Plaintiffs' Motion for Recusal has bearing on the Court's ability to rule on the remaining motions, the Court will address it first.")).  The Court cited the same authority in its follow-up stay order.  *See Jones*, ECF No. 176 at PageID.4992.

In this case, however, there is no fully briefed and pending motion before the Court.  To the contrary, this case is at its inception and no judicial intervention is required for Lead Plaintiff to file his amended complaint or for the parties to brief Defendants' anticipated motion to dismiss.  Moreover, the PSLRA's mandatory discovery stay will be in effect during the motion to dismiss process.  15 U.S.C. § 78u-4(b)(3)(B); *Shupe v. Rocket Companies, Inc.*, 660 F. Supp. 3d 647, 665 (E.D. Mich. 2023) (Ludington, J.) (PSLRA "require[es] an automatic stay of discovery during the pendency of a motion to dismiss").  Thus, unlike in *Jones* and the Stayed Cases, there is no reason to think that any matters for judicial resolution will ripen before September 14, 2026, when the motion to dismiss is fully briefed.  And by September 14, 2026 – nearly seven months from now – the Sixth Circuit may well have decided the *Jones* recusal petition.

Granting a stay at this juncture of the case also would not further "judicial economy."  The outcome of the mandamus petition, whatever it may be, will not impact the substance of Lead Plaintiff's amended complaint or Defendants' motion to dismiss.  No judicial economy will be achieved by indefinitely deferring the filing of the amended complaint or the briefing of the motion to dismiss.  To the contrary,

5

progress that could otherwise be made by the parties—readying the case for prompt action when the mandamus petition is resolved—will be stymied.  Nor are there any public welfare considerations that justify staying this case (and Lead Plaintiff does not argue otherwise).

Finally, Lead Plaintiff cannot meet his "burden of proving that [he] will suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay." *Int'l Bhd.*, 1989 WL 78212, at \*8 (citing *Landis*, 299 U.S. at 255).  Unlike in *Jones* and the Stayed Cases, there are no fully briefed and pending motions and no risk of prejudice from the Court deciding them.  In contrast, Defendants will suffer significant prejudice if this case is stayed now.  Lead Plaintiff has not yet filed his amended complaint in this case, and staying the matter will permit him an indefinite amount of time to prepare that pleading.  This is contrary to the federal rules and local practice, which promote the just and "speedy . . . determination of every action," and will prejudice Defendants, who will not be afforded that same amount of time to prepare their motion to dismiss.

Neither *Jones* nor any of the other authority cited by Lead Plaintiff in his Motion supports a different conclusion.[3]  They are not PSLRA cases, all were stayed

---

[3] Nor, for that matter, does Lead Plaintiff's suggestion that the Gerstacker Foundation could potentially be a class member.  Mot. at PageID.525-26.  Lead Plaintiff has not sought recusal on that basis and offers no basis to suggest that the Foundation acquired Dow shares during the alleged six-month class period between January and June 2025.

while the case was fully in progress or had motions pending, and many involved separate proceedings that would substantively impact the stayed actions. *See* Mot. at PageID.524 (citing *Johnson on behalf of X.M. v. Russell*, 2024 WL 4728904 (E.D. Mich. Oct. 7, 2024) (Ludington, J.) (staying improper search claim, while motion *in limine* was pending, during pendency of qualified-immunity defense appeal); *Kanuszewski v. Mich. Dept. of Health & Human Srvs.*, 2019 WL 1002489, *1 (E.D. Mich. Mar. 1, 2019) (Ludington, J.) (granting a stay in a § 1983 action during pendency of plaintiffs' appeal of dismissal); *Arkona, LLC v. County of Cheboygan*, 2021 WL 2381892 (E.D. Mich. June 10, 2021) (Ludington, J.) (staying property tax dispute, during discovery, pending disposition of a dipositive set of cross-appeals); *Ricketts v. Consumers Energy Co.*, 2017 WL 2351731 (E.D. Mich. May 31, 2017) (Ludington, J.) (staying statutory action, during discovery, pending disposition of appeal concerning definition of key statutory term).

**CONCLUSION**

Defendants respectfully request that the Court deny the Motion and order the parties to adhere to the schedule in the separately submitted draft order: (1) amended complaint due on March 31, 2026; (2) motion to dismiss due on June 1, 2026; (3) opposition to motion to dismiss due on July 31, 2026; and (4) reply in support of motion to dismiss due on September 14, 2026.

7

Dated: February 27, 2026

Respectfully Submitted,

**WARNER NORCOSS + JUDD LLP**

 /s/ Jonathan Lauderbach
Jonathan E. Lauderbach (P51313)
715 East Main Street, Suite 110
Midland, MI 48640
jlauderbach@wnj.com

**ALLEN OVERY SHEARMAN
STERLING US LLP**

Lyle Roberts
1101 New York Ave., NW
Washington, DC 20005
Telephone: (202) 508-8108
lyle.roberts@aoshearman.com

Mallory Tosch Hoggatt
800 Capitol St., Suite 2200
Houston, TX 77002
Telephone: (713) 354-4800
mallory.toschhoggatt@aoshearman.com

*Counsel for Defendants*

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2026, I authorized the electronic filing of the foregoing document with the Clerk of the Court using the ECF system, which will send a notification of such filing to all counsel of record registered for electronic filing.

/s/ Jonathan Lauderbach
Jonathan E. Lauderbach