# Exhibit A

Case 1:25-cv-12744-JEL-PTM ECF No. 27-3, PageID.613 Filed 02/27/26 Page 2 of 27

Jones v. The Dow Chemical Company, Docket No. 1:23-cv-11814 (E.D. Mich. Jul 26, 2023), Court Docket

## Multiple Documents

| Part | Description |
| --- | --- |
| 1 | 143 |
| 2 | Exhibit A |
| 3 | Exhibit B |
| 4 | Exhibit C |
| 5 | Exhibit D |
| 6 | Exhibit E |
| 7 | Exhibit F |
| 8 | Exhibit G |
| 9 | Exhibit H |
| 10 | Exhibit I |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUSHMA JONES,                                              Case No. 1:23-cv-11814

        Plaintiff,                                         Hon. Thomas L. Ludington

                                              Mag. Patricia T. Morris

v.

THE DOW CHEMICAL COMPANY,

        Defendant.

_____

## PLAINTIFF'S MOTION FOR RECUSAL

NOW COMES Plaintiff, SUSHMA JONES, by and through his counsel, Carla D. Aikens, PLC, and respectfully moves this Court pursuant to 28 U.S.C. §§ 455 for recusal of Judge Thomas L. Ludington and Magistrate Judge Patricia T. Morris from further involvement in this matter. In support of this Motion, Plaintiff states as follows:

Plaintiff is a former employee of The Dow Chemical Company and the named Plaintiff in this action alleging race discrimination, gender discrimination, retaliation, and a hostile work environment.

Throughout this litigation, Plaintiff has observed the Magistrate Judge engage in conduct that raises a reasonable question as to impartiality, including:

1

1. Issuing sanctions against Plaintiff based on minor discovery issues, without applying similar scrutiny or sanctions to Defendant despite clear and repeated discovery violations by Defendant;

2. Allowing Defendant to dictate deposition scheduling, resulting in substantial prejudice to Plaintiff, while sanctioning Plaintiff for routine and justified discovery requests – and even for asking for discovery to be extended, which it eventually was;

3. Failing to hold Dow Chemical or its witnesses accountable despite clear evidence of false testimony and significant discovery misconduct by Defendant and its counsel.

The appearance of bias is further supported by Plaintiff's declaration, ECF No. 141, in which she affirms that false testimony by Dow witnesses has been permitted without inquiry or consequence, and she does not believe that, given this Honorable Court has a direct relation to the former Chairman and Chief Executive Officer of Defendant, there is an appearance of impropriety which cannot be overcome, particularly where the Magistrate Judge's rulings continue unchecked. As noted herein, the District Court grants judgment in favor of Defendant in nearly every case against a Dow entity that he has ever had that proceeded to that point.

Moreover, nothing has been done to address the false testimony of Defendant's witnesses, particularly management-level employees, while discovery obligations – even the one discovery request that Dow was ordered to produce – remain unmet despite the fact that Defendant has filed a motion for summary judgment.  Even with a dispositive motion pending, the District Court is just now issuing orders on those objections which have been pending for months, and has now ordered Plaintiff to pay sanctions by May 16, 2025 based upon providing light documents, almost all of which Defendant already had, to Defendant nearly a year ago. Plaintiff has explained the issue in many prior filings, including the objection on which the most recent order was based. (ECF No. 103).  The order contains a number of factual inaccuracies which Plaintiff will address at a later time, but the order's tone is clear that counsel for Plaintiff is not believed and the Magistrate Judge's comments, such as that counsel was "delaying discovery and precluding production bordered on bad faith" were accepted without any consideration for Plaintiff's arguments to the contrary, while Defendant was incredibly allowed to attend a hearing on a motion for show cause for not complying with a Court order, and its counsel can state that it would provide supplemental information when it so decided, without ever providing (or being asked to provide) any explanations for its delays.

All of this pejorative language from the Magistrate Judge came despite the fact that Dow has *still* never produced *court-ordered* information on comparators – which is highly relevant to her claims–after its counsel falsely stated on the record (that was also provided to the Court) that it had not been ordered to produce anything. Instead, after Plaintiff was forced to file a motion to compel because Defendant would not provide what was ordered, Defendant provided an incomplete chart seven weeks after the order was entered, with no information, no dates, and that was obviously missing individuals who should have been included. Yet the Magistrate Judge – and then the District Court – was silent about most of these issues, with the former just declaring without explanation that Defendant had complied with its order. It is one matter for the issues raised by Plaintiff and her counsel to be dealt with and explained away by a court, and quite another for these concerns to never be addressed nor analyzed at all. This is why Plaintiff submits that the conduct arises to a due process violation. If Defendant can schedule depositions 120+ days out and months past the end of discovery, but Plaintiff and her counsel are accused of intentionally trying to delay discovery by purposely providing light documents and no explanation is believed, and her counsel is further punished for asking to conduct discovery in the time set forth by the rules, then fundamental fairness is absent from the proceedings.

4

In addition, the perjury of Defendant's witnesses has been consistently accepted by the Magistrate Judge, with minimal justification, and the District Court has failed to address this serious matter threatening the due process rights of Plaintiff and the integrity of this and numerous related proceedings against Dow Chemical involving discrimination claims. The Magistrate Judge has further recommended sanctions against Plaintiff's counsel without ever having had undersigned counsel appear for any hearing, and without clear and convincing evidence, further demonstrating bias and unequal treatment. At the March 26, 2025 hearing in this matter – the sole time undersigned counsel has ever appeared in front of the District Court (**Ex. A** – Transcript of 3.26.25 Proceedings), Plaintiff's counsel explicitly detailed disparate treatment, including unjust sanctions against Plaintiff, preferential treatment for Defendant, and ignored false testimony, with Defendant and its counsel having no obligation at all to follow the rules of discovery.

Consequently, as counsel explained, the plaintiffs filing lawsuits for racial discrimination are fielding requests for communications and engagement agreements with their attorney, and Dow counsel feels so assured that such a thing is discoverable that it incredulously filed a motion to compel the engagement agreement, claiming the Magistrate Judge ordered that the agreement was not confidential and had to be turned over. The fact that there is even a question that

5

this type of motion might be granted makes clear that Dow has no concern whatsoever for what the actual law is.

Pursuant to 28 U.S.C. § 455, recusal is appropriate where a judge's impartiality might reasonably be questioned or where there is actual bias or prejudice concerning a party. Defendant has been allowed to flout its discovery obligations and not produce relevant information about the same witnesses who are relevant in multiple cases. The same is severe enough to amount to a due process violation which is preventing counsel's clients suing Dow from obtaining pertinent information to support their cases. Even when Defendant does provide limited information, Defendant's witnesses have been permitted to deny that they know anything about racial discrimination claims when the documents clearly demonstrate the opposite. All of the above would give the appearance to any reasonable person that the Magistrate Judge and District Court are not impartial and are biased toward Dow and its interests, even if they may not believe it to be so.

WHEREFORE, for the reasons stated herein, Plaintiff respectfully requests that Judge Thomas L. Ludington and Magistrate Judge Patricia T. Morris recuse themselves from further proceedings in this matter and that new judges be assigned.

7

Dated: May 7, 2025                    Respectfully submitted,

                                      /s/ Carla D. Aikens
                                      Carla D. Aikens (P69530)
                                      Carla D. Aikens, PLC
                                      615 Griswold St., Suite 709
                                      Detroit, MI 48226
                                      (844) 835-2993
                                      carla@aikenslawfirm.com
                                      Attorney for Plaintiff

## **QUESTION PRESENTED**

Should the District Court and the Magistrate Judge recuse themselves where their impartiality may reasonably be questioned?

Plaintiff answers: Yes

Defendant would answer: No

# TABLE OF AUTHORITIES

**Cases**

*Cooke v. United States*, 267 U.S. 517 (1925) ........................................................20

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988) ........................15

*Liteky v. United States*, 510 U.S. 540 (1994) .........................................................24

*NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585 (6th Cir. 1987) ...................... 16, 20

*Offutt v. United States*, 348 U.S. 11 (1954)............................................................24

**Statutes**

28 U.S.C. § 455 .....................................................................................................6, 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUSHMA JONES,                                      Case No. 1:24-cv-11814

        Plaintiff,                                 Hon. Thomas L. Ludington

                                                   Mag. Patricia T. Morris

v.

THE DOW CHEMICAL COMPANY,

        Defendant.


**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECUSAL**


**I.     Introduction**

Plaintiff Sushma Jones respectfully submits this Brief in support of his

Motion for Recusal, pursuant to 28 U.S.C. §§ 455(a) and 455(b)(1). Recusal is

warranted where the judge's impartiality "might reasonably be questioned," and

where the judge "has a personal bias or prejudice concerning a party." Here, the

District Court's mere presiding over this case as the son of the former Chairman

and CEO of Dow – and not intervening where a serious matter of perjury and bias

has been raised as to the Magistrate Judge would cause any reasonable person to

question the impartiality of the court. Further, the Magistrate Judge, whose conduct

11

creates the appearance of bias in favor of Dow, has disregarded untruthful sworn testimony from Dow witnesses that goes to the heart of Plaintiff's claims.

The Court's failure to even address the orders not complied with and the false testimony of its testimony—while taking punitive action against Plaintiff and her counsel—has undermined the appearance of neutrality.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further provides for disqualification where the judge "has a personal bias or prejudice concerning a party." This standard is objective: "[W]hether a reasonable person knowing all the relevant facts would question the judge's impartiality." *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993). Actual bias is not required. Rather, the appearance of bias is sufficient to mandate recusal. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Quoting the Court of Appeal's opinion in the matter, the *Liljeberg* court stated the following:

> Under section 455(a), therefore, recusal is required even when a judge lacks actual knowledge of the facts indicating his interest or bias in the case if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge.

12

(quoting *Health Services Acquisition Corp. v. Liljeberg*, 796 F. 2d 796, 802 (5th

Cir. 1986). The Fifth Circuit underscored that the standard is mandatory and self-

executing and a motion need not be filed:

> Furthermore, the terms of section 455(a) are **mandatory** and **self-executing**; the judge must recuse himself where there is an appearance of partiality **regardless of whether a motion to recuse had been made**.

*Health Services*, 796. F. 2d at 802 (emphasis added).

Further, 28 U.S.C. § 455(b)(4) and (5)(i) provide for recusal under the

following circumstances:

> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
> (i)  Is a party to the proceeding, or an officer, director, or trustee of a party…

## III.   ARGUMENT

### A. The District Judge's Familial Ties to Dow Create an Appearance of Impropriety

As the son of the former Chairman and Chief Executive Officer of

Defendant, this relationship to Defendant would cause any reasonable person to

question whether the judge could truly be impartial, despite one's best intentions to do so. That familial relationship gives rise to a direct and reasonable concern about impartiality. While the judge may not currently hold a financial interest in Dow, Plaintiff does not know if there are any trusts or stock that may have been received or put in place given the status as CEO, as this is not uncommon for such a high-ranking executive to have. The appearance of alignment or deference to the company's interests is unavoidable given a company's historical importance to any family's livelihood, as demonstrated by the statute's bright line standard for third degree relatives.

This concern of bias is not speculative. Individuals employed by Dow have been allowed to give perjured testimony without consequence, and Plaintiff has proceeded to the point of summary judgment without any question regarding the propriety of these witnesses' testimony, which has caused the inference of bias to become even stronger.

Recusal is required under § 455(a) for the appearance of bias and also under § 455(b)(5)(i), where a judge or close relative is an officer or director of a party. While the former CEO relationship may not be current, the family tie alone—especially in a discrimination case against the same company—triggers concern that the judge's impartiality "might reasonably be questioned." The statute establishes that a person with the same familial degree as the District Court would

14

have to recuse themselves if the family member is an officer. The fact that the District Court's father was the highest office in the company raises the same concerns, particularly where the judge has lived (apparently exclusively) in a town dominated by Defendant and attended Dow High School.  This concern is underscored in an area such as Midland, colloquially known to those in the Southern part of the state as "Dow country" due to the strong tie to Dow in the Midland/Saginaw area. *See Midland: Leaders say Dow Chemical is committed to city's future*, https://www.bridgemi.com/business-bridge/midland-leaders-say-dow-chemical-committed-citys-future (noting that Dow was Midland's largest employer in 2016) (last visited May 8, 2025).

## B. The Magistrate Judge's Conduct Demonstrates a Pattern of Bias and Disparate Treatment, and the District Court Has Not Intervened

Plaintiff seeks recusal of Magistrate Judge Patricia T. Morris under 28 U.S.C. § 455(a) due to a well-documented and ongoing pattern of one-sided rulings, prejudicial assumptions, and unequal application of sanctions that have denied Plaintiff fair process. The standard under § 455(a) is not whether actual bias exists, but whether a reasonable observer would question the judge's impartiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). That standard is easily met here, not only because of the conduct in this case, but because the March 26, 2025 hearing transcript (**Ex. A**) – a hearing which Plaintiff

15

attended herself – and the Motion to Recuse filed in *Walker v. Dow* (**Ex. B**, 1:23-cv-11814-TLL-PTM, ECF No. 48) reflect a pervasive and consistent pattern of judicial conduct that undermines fairness for plaintiffs suing Dow. Plaintiff's counsel, who represents fourteen plaintiffs suing Dow – twelve in Michigan and two in Kentucky – stated at the hearing:

> "We're going to get sanctioned. We're going to get show caused… All I'm trying to do is conduct discovery…

(**Ex. A**, PageID.4292–4293). "People are not telling the truth under oath… I tell you about it, and I'm still getting sanctioned." (***Id.***, PageID.4294). Counsel also emphasized the chilling effect of litigating before Magistrate Judge Morris:

> My associate...it causes her actual anxiety to come in here with Judge Morris and have it feel like there's a third defendant [counsel].

(***Id.***, PageID.4296). Plaintiff's concern is not based on isolated rulings, but on the cumulative effect of multiple acts across cases, including:

- Recommending civil contempt against Plaintiff's counsel without clear and convincing evidence, or even a hearing, in direct violation of Sixth Circuit standards. *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987);

- Ignoring documented perjury by Dow managers Jason Ellis and Jessica Bruske, while punishing Plaintiff's counsel for routine deposition questions;

16

- Permitting defense counsel to pursue privileged materials like Plaintiff's engagement agreements—requests wholly lacking legal basis under Rule 26 for an employment discrimination claim—while rejecting Plaintiff's motions to compel discovery of directly relevant witnesses;

- Making factual findings against plaintiffs based on no evidence or out-of-context assumptions, as shown in the sealed sanctions recommendation and "light document" order in this case, where the District Court continually upholds sanctions relying on the Magistrate Judge's credibility findings.

These concerns were echoed by plaintiff Ayanna Walker in her Motion to Recuse Magistrate Judge Morris (**Ex. B**, ECF No. 48), where she described a similar pattern:

> Magistrate Judge Patricia T. Morris has issued a series of rulings that reflect not just adverse decisions, but a consistent and troubling imbalance… Plaintiff has been denied critical discovery, her counsel sanctioned for routine advocacy, and compelled to produce privileged materials—all while Defendant's obstructive conduct has gone unpunished.

(**Ex. B**, PageID.986–987). As noted in *Walker*, which occurred here in Ms. Jones' case, "Defendant delayed producing discovery and refused to schedule depositions until after discovery closed, yet sanctions have never been considered…" (***Id.***, PageID.990–991).

17

Plaintiff was the first plaintiff to have the courage to come forward and try to hold Dow accountable for the way she was treated that caused her great mental anguish, that continues to plague her to this day. Having unreasonable suspicions that a person trying to produce documents, and their counsel who knows that this obligation exists, is doing something untoward, could be a matter of opinion if not for the fact that both the Magistrate Judge and District Court are ignoring Plaintiff and her counsel's concerns, and wholesale accepting the opinion of the Magistrate Judge when her impartiality has been questioned on multiple occasions. The District Court's comments in recent orders suggest that Plaintiff filing discovery motions is a "nuisance" rather than due to the fact that Defendant is actually not providing information and intentionally delaying discovery. There is no recognition whatsoever by the District Court that these concerns have even been raised by any of the plaintiffs in any of the cases. Perhaps the belief is – for whatever reason – that counsel for Plaintiff is somehow dictating the feelings of the plaintiffs, but the contrary is true. The plaintiffs represented by undersigned counsel came forward after seeing that Plaintiff filed suit. Their declarations and deposition testimony make clear that their mistreatment by Dow – from calling them Harriet Tubman (Plaintiff), to hanging monkeys on lockers (Roger Ivey), to referring to them the "n" word (Charles Baston), in addition to other myriad issues such as being passed over constantly for promotions – is serious, and having their

concerns dismissed and not properly adjudicated causes a deep lack of trust in the Midland/Saginaw community as a whole that the judicial system is fair and open to everyone. Accusing Plaintiff's counsel of being dishonest when under attack by the Magistrate Judge's accusations of impropriety to only Plaintiff's side only deepens the appearance of bias.

Despite these concerns being raised for months now, the District Court continues to issue orders – all of them, in favor of Dow – without even acknowledging that a due process violation has been alleged by the same person whose impartiality is being questioned. Plaintiff further had the hearing on Defendant's motion for summary judgment canceled after filing her declaration of bias on the part of the District Court, which stated in the order that the court would decide the motion on the pleadings submitted. This action further increased Plaintiff's concerns.

### C. The Magistrate Judge Recommended Sanctions Without a Hearing and Without Evidence

The fact that the District Court and Magistrate Judge are the only two judges in Bay City – and have been for a decade –would cause one to question whether they would be able to truly disagree with one another given the many years spent working in the same building, further compounded by the fact that all cases filed against Dow are only assigned to the two of them, nearly without exception. The

19

District Court has accepted wholesale every finding of "fact" of the Magistrate Judge, and has still continued to do so despite the fact that impartiality amounting to a constitutional violation has been alleged.

Among the many issues that undersigned counsel has had with the Magistrate Judge's handling of matters involving Defendant, the Magistrate Judge issued a February 25, 2025 recommendation that Plaintiff's counsel be held in civil contempt in the *Baston v. Dow* for allegedly referring to confidential documents during a deposition that were not ever shown. Despite this, the Magistrate Judge presumed misconduct, accused counsel of evasion, and recommended sanctions without even holding a hearing. This violates due process. *Cooke v. United States*, 267 U.S. 517, 536 (1925). The applicable legal standard for contempt—clear and convincing evidence—was never sought nor met. *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987). Such a harsh sanction, based on speculative findings and without affording Plaintiff's counsel the right to be heard, reflects a punitive approach inconsistent with the neutral administration of justice.

### D. The Court Has Ignored Perjury by Dow Witnesses While Punishing Plaintiff's Counsel

In the *Baston* matter, also before this Court, Mr. Baston submitted a sworn declaration in which he stated:

> I can't understand how the court could let Jessy and Jason say they don't know anything about my complaints of racial discrimination when I talked to them about it and I know they talked to them about the complaint I filed.
>
> Someone not telling the truth when they are under oath seems like a big problem but the court is not doing anything about that…
>
> We should be able to have a judge who will decide things based on listening to everyone fairly… but I don't see that happening.

(*Baston v. Dow*, Declaration of Charles Baston, Case No. 1:24-cv-12411-TLL-PTM, ECF No. 40, May 7, 2025). Mr. Baston's statements reflect a reasonable and deeply personal concern about the fairness of the proceedings before this Court. Plaintiff has directly observed sworn testimony by Dow witnesses—including Jason Ellis and Jessica Bruske –which she knew to be false, but which has not been challenged by the Court, even when Plaintiff presented evidence to support the same. This one-sided treatment—sanctioning Plaintiff's counsel for asking depositions to be taken in the discovery period, but accepting false statements from Defendant's key witnesses, creates a strong appearance of partiality and is inconsistent with the duty of impartial adjudication.

### E. The Record From Other Cases Establish the Appearance of Bias

Plaintiff could not locate a single case where either the Magistrate Judge or the District Court had ever sanctioned Dow for anything, despite the fact that

21

motions to compel against are frequent filings in cases in which it is involved.

Even on the three occasions (at least as publicly available) that the Magistrate

Judge has ever granted a motion to compel against a Dow entity (and even where

she did so on a sole occasion, in part, in ordering production of comparator

information), Dow was never sanctioned nor ordered to pay costs. (**Ex. C**, *Schram*

*v. Dow Corning Corp.*, Case No. 2:16-cv-14312-DML-PTM, ECF No. 30, Aug. 29,

2017[1]; **Ex. E**, *Woloshik v. The Dow Chemical Co.*, Case No. 1:20-cv-10402-TLL-

PTM, ECF No. 22, Oct. 23, 2020; **Ex. F**, *Porte v. Dow Business Service, LLC*,

Case No. 1:17-cv-12874-TLL-PTM, ECF No. 27). Counsel for Dow in the present

case – Amanda Fielder and Edward Bardelli –also represented the Dow defendant

in all three cases. In the *Woloshik* case, when the Magistrate Judge denied the

plaintiff's second motion to compel, only Dow – which was represented by the

same counsel here – was granted costs for opposing the motion. (**Ex G**, *Woloshik*,

at ECF No. 44).

Moreover, per the records publicly available, the District Court has granted

summary judgment in part in 100% of cases in which it has decided motions for

summary judgment filed by Dow, and on only two occasions – neither of which

---

[1] A second motion to compel was granted after Judge David Lawson had vacated the Magistrate Judge's prior order denying the motion to compel and asked that the matter be briefed on a limited topic. (**Ex. D***, id.* at ECF No. 66, Feb. 12, 2018).

involved claims of racial discrimination – has the District Court denied summary judgment in part. (**Ex. H**, Docket Sheet of *Lavigne v. Dow* (2010) and *Hartman v. Dow* (2014)). In contrast, in the publicly available records, the District Court has granted judgment in full in favor of Dow in 9 out of the 11 cases that have proceeded to that point. (**Ex I,** Docket Sheet of *Dabrowski v. Dow* (2007); *Rohde v. Dow* (2009), *Geiling v. Hemlock Semiconductor Corp. et al*[2] (2012), *Jennings v. Dow* (2013), *Mckenna v. Aetna Life Insurance Company*[3] (2014), *Gason v. Dow* (2016), *Anwar v. Dow* (2016); *Johnston v. Dow Employees' Pension Plan* (2016); *Levine v. Liveris* (2016)[4])[5].

Thus, it is not just conjecture, but the numbers bear out that the bias in favor of Dow is real and well-proceeded any of the cases filed by the current plaintiffs represented by undersigned counsel.

### F. Recusal Is Required to Preserve the Appearance of Fairness

---

[2] Dow Chemical Corporation was also a named Defendant and Hemlock Semiconductor was noted to be a "joint venture of Dow Corning."

[3] Dow Corning Corporation LTD Plan was a named Defendant in this case.

[4] Andrew N. Liveris was noted in the opinion as "the President, CEO, and Chairman of Dow." (*Opinion Granting Motion to Dismiss*, Case No. 1:16-cv-11255-TLL-PTM, ECF No. 29, Oct. 19, 2016).

[5] Plaintiff did not include the following cases filed in which judgment was entered in favor of Dow, as they were dismissed on procedural grounds: 1) *Cassaday v. Dow Chemical Co*, Case No. 1:22-cv-11555-TLL-PTM; 2) *Vardon v. Dow Chemical Co.,* Case 1:11-cv-12512-TLL-CEB; *McCann v. Air Products and Chemicals, Inc. et al*, Case 1:08-cv-14235-TLL-CEB); *Thomas v. Dow Chemical*, Case 1:08-cv-11911-TLL-CEB

Even if actual bias is not present, the law requires recusal when a judge's conduct creates the appearance of favoritism or antagonism. *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[J]ustice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954). The appearance that one side— Dow—is being protected, while Plaintiff and her counsel are being punished, is more than sufficient to require disqualification under § 455(a). Under these circumstances, a reasonable observer would conclude that recusal is necessary.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that Magistrate Judge Patricia T. Morris be recused from this matter pursuant to 28 U.S.C. §§ 455(a) and 455(b)(1), and that a new judge and Magistrate Judge be assigned to ensure impartial adjudication.

Dated: May 7, 2025                          Respectfully submitted,

/s/ Carla D. Aikens
Carla D. Aikens (P69530)
Carla D. Aikens, PLC
615 Griswold St., Suite 709
Detroit, MI 48226
(844) 835-2993
carla@aikenslawfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein on May 8, 2025.

/s/ *Mykelin Izeluk*
Mykelin Izeluk