# Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


|  | Honorable Thomas L. Ludington |
|---|---|
| *In re:* | United States District Judge |

*Jones v. Dow Chem. Co.*, Case No. 1:23-cv-11814 (E.D. Mich. July 26, 2023);
*Walker v. Dow Chem. Co.*, Case No. 1:24-cv-12219 (E.D. Mich. Aug. 24, 2024);
*Williams v. Dow Chem. Co.*, Case No. 1:24-cv-12220 (E.D. Mich. Aug. 24, 2024);
*Baston v. Dow Chem. Co.*, Case No. 1:24-cv-12411 (E.D. Mich. Sep. 13, 2024);
*Jackson v. Dow Chem. Co.*, Case No. 1:24-cv-12459 (E.D. Mich. Sep. 19, 2024);
*Bledson v. Dow Chem. Co.*, Case No. 1:24-cv-12912 (E.D. Mich. Nov. 2, 2024);
*Biggins v. Dow Chem. Co.*, Case No. 1:24-cv-12969 (E.D. Mich. Nov. 7, 2024);
*Santos v. Dow Chem. Co.*, Case No. 1:24-cv-13012 (E.D. Mich. Nov. 13, 2024);
*Yu v. Dow Chem. Co.*, Case No. 1:25-cv-11478 (E.D. Mich. May 19, 2025)

_____/

**OPINION AND ORDER VACATING SCHEDULING ORDERS, AND DENYING
MOTIONS TO ADJOURN OR EXTEND SCHEDULING ORDERS AS MOOT**

From July 2023 through May 2025, the following nine cases were initiated by Attorney

Carla Aikens on behalf of separate plaintiffs against defendant Dow Chemical Corporation:

- *Jones v. Dow Chem. Co.*, Case No. 1:23-cv-11814 (E.D. Mich. July 26, 2023);
- *Walker v. Dow Chem. Co.*, Case No. 1:24-cv-12219 (E.D. Mich. Aug. 24, 2024);
- *Williams v. Dow Chem. Co.*, Case No. 1:24-cv-12220 (E.D. Mich. Aug. 24, 2024);
- *Baston v. Dow Chem. Co.*, Case No. 1:24-cv-12411 (E.D. Mich. Sep. 13, 2024);
- *Jackson v. Dow Chem. Co.*, Case No. 1:24-cv-12459 (E.D. Mich. Sep. 19, 2024);
- *Bledson v. Dow Chem. Co.*, Case No. 1:24-cv-12912 (E.D. Mich. Nov. 2, 2024);
- *Biggins v. Dow Chem. Co.*, Case No. 1:24-cv-12969 (E.D. Mich. Nov. 7, 2024);
- *Santos v. Dow Chem. Co.*, Case No. 1:24-cv-13012 (E.D. Mich. Nov. 13, 2024);
- *Yu v. Dow Chem. Co.*, Case No. 1:25-cv-11478 (E.D. Mich. May 19, 2025)

All nine cases have been assigned to the undersigned.[1] *Jones*, as the first case filed, has

---

[1] Four additional cases against Defendant Dow Chemical Corporation were initiated during the same time frame but were assigned to the Southern Division. *See Walker v. Dow Chemical Co.*, Case No. 1:24-cv-12730 (E.D. Mich.); *West v. Rohm and Haas Chemical LLC*, Case No. 1:24-cv-12829 (E.D. Mich.); *Lewis v. Dow Chemical Co.*, Case No. 1:24-cv-12911 (E.D. Mich.); *Ivey v. Dow Chemical Co.*, Case No. 1:24-cv-12981 (E.D. Mich.).

largely been a bellwether. And that case has been dominated by discovery disputes. *See, e.g.*, *Jones v. Dow Chem. Co.*, No. 1:23-CV-11814, 2024 WL 5004323 (E.D. Mich. Dec. 6, 2024); *Jones v. Dow Chem. Co.*, No. 1:23-CV-11814, 2025 WL 1261107 (E.D. Mich. May 1, 2025); *Jones v. Dow Chem. Co.*, No. 1:23-CV-11814, 2025 WL 85734 (E.D. Mich. Jan. 13, 2025), *adopted*, No. 1:23-CV-11814, 2025 WL 1326721 (E.D. Mich. May 7, 2025); *Jones v. Dow Chem. Co.*, No. 1:23-CV-11814, 2025 WL 1326721 (E.D. Mich. May 7, 2025); *Jones v. Dow Chem. Co.*, No. 1:23-CV-11814, 2025 WL 1262408 (E.D. Mich. May 1, 2025); *Jones v. Dow Chem. Co.*, No. 1:23-CV-11814, 2025 WL 1444428 (E.D. Mich. May 20, 2025); *Jones v. Dow Chem. Co.*, No. 1:23-CV-11814, 2024 WL 5710490 (E.D. Mich. Nov. 27, 2024).

As these discovery disputes were resolved, plaintiff Sushma Jones filed a declaration—signed by her attorney, Carla Aikens—on May 2, 2025, contending that the undersigned was biased in favor of defendant Dow. *Jones*, ECF No. 140. Six days later, plaintiff Sushma Jones—through Attorney Aikens—filed a motion seeking the undersigned's recusal in her case. *Jones*, ECF No. 143. Generally, Ms. Jones seeks the undersigned's recusal because my father—who passed away in 2010—was President of the Dow Corning Corporation over 35 years ago.[2] *See id.* at PageID.4404. Ms. Jones also contends that the undersigned is biased in favor of Dow Chemical because I attended Herbert Henry Dow High School—a public high school in Midland, Michigan—over 50 years ago. *Id.* at PageID.4406; *see also Jones* ECF No. 141 at PageID.4381. Importantly, on May 29, 2025, plaintiff Sushma Jones filed a petition for a writ of mandamus in

---

[2] Dow Corning Corporation was a historic joint venture between Dow Chemical Company and Corning Glass Works (now known as Corning, Inc.). *See Timeline*, Dow https://corporate.dow.com/en-us/about-dow/company/history/timeline.html#tabs-708e4faf43-item-bf164f4d6a-tab (last visited June 26, 2025). In 2016, the Dow Chemical Company purchased Corning's interest in the joint venture, forming a new wholly owned subsidiary: "Dow Silicones Corporation." *See In re Settlement Facility Dow Corning Tr.*, 760 F. App'x 406, 407 n.l (6th Cir. 2019).

the Sixth Circuit Court of Appeals seeking an order directing the undersigned's recusal. *See In re Sushma Jones*, Case No. 25-1486 (6th Cir. May 29, 2025).

But Ms. Jones is not the only plaintiff represented by Attorney Aikens to have sought the undersigned's recusal. On May 7, 2025—five days after Ms. Jones filed a similar declaration in her case against Dow—Mr. Charles Baston filed a declaration in his case asserting that the undersigned is biased in favor of Dow. *See Baston* ECF No. 40. Like Ms. Jones, Mr. Baston suggests the undersigned is biased because of his deceased father's former employer. *Id.* at PageID.528 ("I know that the judge is the son of the former CEO of Dow . . . so the judge has to be biased toward them if Dow fed his family as a child."). On May 8, 2025—the same day Ms. Jones filed a motion for recusal—Mr. Baston did the same. *Baston* ECF No. 41.

If Ms. Jones and Mr. Baston are correct that the undersigned's deceased father's former employment and the name of the undersigned's high school warrant recusal under 28 U.S.C. § 455, the undersigned would need to recuse himself on each of the nine cases listed above, and seemingly all current and future cases involving Dow Chemical Company, or any of its subsidiaries. This issue is currently pending in the Sixth Circuit. If the Sixth Circuit does not order the undersigned's recusal, the undersigned will proceed by resolving the pending motions for recusal in *Baston* and *Jones*. It would be improper to decide any other pending motion in *Jones*, *Baston*, or any of the other seven discrimination cases against Dow, until after the recusal issue has been resolved. *See, e.g.*, *Honorable Ord. of Kentucky Colonels, Inc. v. Kentucky Colonels Int'l*, No. 3:20-CV-132-RGJ, 2025 WL 1117428, at *1 (W.D. Ky. Apr. 15, 2025) (noting motions for recusal "presumably impact[] all other" pending motions and should accordingly be "addresse[d] . . . first"); *Berryman v. Artis*, No. 2:23-CV-12339, 2025 WL 415729, at *1 n.1 (E.D. Mich. Jan. 2, 2025) ("Because determination of Plaintiffs' Motion for Recusal has bearing on the Court's

ability to rule on the remaining motions, the Court will address it first.").

Yet deadlines in the nine above-captioned cases are quickly approaching. So, in the interests of justice and fairness to the Parties, the scheduling orders in all nine cases will be vacated. If the Sixth Circuit does not order recusal, and the undersigned subsequently concludes recusal is not warranted, new scheduling orders will be entered in each of the nine cases.

Accordingly, it is **ORDERED** that the operative scheduling orders in the above-captioned cases are **VACATED.** If the Sixth Circuit does not order recusal, *see In re Sushma Jones*, Case No. 25-1486 (6th Cir. May 29, 2025), and the undersigned subsequently concludes recusal is not warranted, *see Jones* ECF No. 143; *Baston* ECF No. 41, new scheduling orders will be issued.

Further, it is **ORDERED** that, in *Williams v. Dow Chem. Co.*, Case No. 1:24-cv-12220 (E.D. Mich. Aug. 24, 2024), Defendant and Plaintiffs' motions to adjourn the operative scheduling order, ECF Nos. 24; 25; 27, are **DENIED AS MOOT.**

**This is not a final order and does not close the above-captioned cases.**

Dated: June 30, 2025

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge