# Exhibit D

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

In re: Sushma Jones,                          Case No.

**RECEIVED**
05/28/2025
KELLY L. STEPHENS, Clerk

Petitioner.

_____/

## PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

### I.      RELIEF REQUESTED

Petitioner Sushma Jones respectfully petitions this Court for a writ of mandamus directing the Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, to disqualify himself from presiding over *Jones v. The Dow Chemical Company*, Case No. 1:23-cv-11814, pursuant to 28 U.S.C. § 144. Petitioner submitted a timely and legally sufficient declaration alleging personal bias and prejudice, yet Judge Ludington has refused to recuse and continues issuing substantive rulings after the declaration was filed. Mandamus is required to stop ongoing violations of the statute and to preserve Petitioner's right to an impartial tribunal.

### II.      JURISDICTION

This Court has jurisdiction to issue a writ of mandamus under 28 U.S.C. § 1651(a) and Federal Rule of Appellate Procedure 21, which expressly governs petitions for writs of mandamus directed to a lower court. Federal Rule of Appellate Procedure 21(a) authorizes this Court to 'issue all writs necessary or appropriate in aid of its jurisdiction,' including relief compelling compliance with mandatory judicial disqualification under 28 U.S.C. § 144.

1

The Sixth Circuit has consistently held that mandamus is the proper vehicle to rectify a district judge's refusal to recuse where, as here, a timely and sufficient affidavit of bias has been filed. See In *re Aetna Cas. & Sur. Co*., 919 F.2d 1136, 1143 (6th Cir. 1990) (granting mandamus under FRAP 21 where recusal was 'not a matter of discretion, but of statutory command'). This petition complies fully with FRAP 21's requirements, including the submission of supporting exhibits and proof of service, and satisfies the substantive mandamus standard articulated in *Cheney v. U.S. District Court*, 542 U.S. 367, 380–81 (2004).

### III.   ISSUE PRESENTED

Whether Judge Ludington may lawfully continue presiding over a case after a party filed a timely, facially sufficient affidavit of bias under 28 U.S.C. § 144, which mandates that the judge "shall proceed no further."

### IV.   LEGAL STANDARD

To obtain mandamus, the petitioner must show: (1) the absence of another adequate means to attain relief; an appeal after final judgment cannot cure the structural harm of presiding by a biased judge. *See In re School Asbestos Litig*., 977 F.2d 764, 786 (3d Cir. 1992); (2) a clear and indisputable right to the writ; when a judge is disqualified under the statute (28 U.S.C. § 144), the language is mandatory: "the judge shall proceed no further" and leaves no room for discretion. *See Berger v. United States*, 255 U.S. 22, 36 (1921); (3) that the writ is appropriate under the circumstances. *See Cheney v. U.S. Dist. Ct*., 542 U.S. 367, 380–81 (2004).

Under 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." The statute requires disqualification where the affidavit alleges facts

2

that would lead a reasonable person to question the judge's impartiality. *See United States v. Balistrieri*, 779 F.2d 1191, 1199–1200 (7th Cir. 1985) ("We think that this language imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed).

### V. FACTUAL BACKGROUND

Petitioner Sushma Jones filed suit in July 2023 alleging race and gender discrimination, retaliation, and hostile work environment. The case was assigned to Judge Thomas L. Ludington. On May 2, 2025, as amended on May 3, 2025, Petitioner submitted a declaration under 28 U.S.C. § 144, detailing concern that Judge Ludington's familial relationship – specifically, that his father was the Chairman and CEO of Dow. Dow-affiliated company is now fully owned by The Dow Chemical Company. Dow's own historical timeline confirms this acquisition **(Exhibit A)**, and its corporate literature celebrates John Ludington's legacy, naming a building after him as a model for Dow's ethical standards **(Exhibit B; PageID.4718, PageID.4719)**. Under 28 U.S.C. § 455(b)(5)(i), recusal is mandatory when a judge's third-degree relative was an officer of a party a fact Dow's opposition concedes but dismisses as 'attenuated,' despite Dow Corning's current status as a wholly owned subsidiary.

Plaintiff's due process rights have been continually violated by not having an impartial tribunal deciding this matter – which was further compounded by not ruling on objections Plaintiff filed, never penalizing Dow for any reason, canceling the hearing on Defendant's motion for summary judgment and stating the same would be ruled upon based on the pleadings just days after Plaintiff filed her declaration of bias, and continuing to rule on objections that have been pending for many months.

Another plaintiff – Ayanna Walker – had previously filed a motion for recusal of the Magistrate Judge on April 13, 2025. **(Exhibit C).** However, the Magistrate Judge has not ruled on

the motion. Thereafter, the District Court upheld all of the Magistrate Judge's orders, ignoring that there is a question regarding her impartiality, which calls into question the impartiality of the District Court.

On May 3, 2025, Plaintiff filed a declaration of bias under 28 U.S.C. § 144, detailing Judge Ludington's familial ties to Dow and a pattern of unequal treatment, including one-sided sanctions, ignored perjury, and retaliatory rulings after the filing **(Exhibit D ¶¶ 5, 22, 31)**. A few days later, the District Court canceled the hearing on the Defendant's Motion for Summary Judgment, stating that it would rule on the pleadings, which had the appearance of being retaliation for filing the declaration **(Exhibit E)**. A few days after that, the District Court began a series of rulings on objections that were not ruled upon for many months until after summary judgment was pending. It is unclear what the purpose is of ruling on the motions at this juncture, as there was clearly no intent to address them during the time period of discovery so Plaintiff could try to obtain information to support her claims. **(Exhibit F) (Exhibit G)**.

The District Court then approved yet another order for sanctions against Plaintiff and her counsel, this time for requesting that discovery be done during the discovery period and requesting that it be extended. Discovery was eventually extended, but there was no mandate for Defendant to do discovery during the discovery period, and Plaintiff was deprived of all opportunity to conduct any follow-up discovery.

On May 20, 2025, Judge Ludington overruled objections regarding the perjury of Defendant's witnesses, stating definitively that the witnesses – Jessica Bruske and Jason Ellis – definitively did not perjure themselves, and stating that the answers were due to memory loss. **(Exhibit H, PageID.4640)**. This ruling came despite the fact that the answers provided were not "I don't remember" but "no.":

Had you dealt with any types of racial discrimination complaints against anybody since you've been in that role?

A.· · No.

Q.· · You're not aware of any or just didn't handle them directly?

A.· · Did not handle them directly.[1]

…..

And I'm just asking you, have you all ever had -- are you aware of any -- other than watching on the news, that's the only way you know there's been racial -- claims of racial discrimination in Dow; is that correct?

A.· · Correct.[2]

…

Have you ever taken part in an OEC investigation, regardless of whether it was for race or otherwise, related to Ms. Walker or Mr. Baston?

A.· · No.[3]

This testimony is false, and much of it had happened as recently as a few months before Ms. Bruske was deposed. The failure to seriously regard whether perjury happened only further causes Plaintiff to doubt that these proceedings will be fair.

---

[1] **Exhibit I (Bruske Dep. At 82:12-180)**
[2] **Exhibit I (Bruske Dep. At 83:9-14)**
[3] **Exhibit I (Bruske Dep. At 254:14-18)**

What Ms. Bruske *did* say she did not know as whether calling a Black person a formerly enslaved Black person is a racial comment:

Do you understand that calling somebody a formerly enslaved person and who happens to be African-American is a racial comment?

MR. BARDELLI:· Object to form. Foundation.· Calls for speculation.· Lacks foundation.

THE WITNESS:· I don't know.[4]

Judge Ludington stated: "And even if Bruske intentionally provided false testimony—she didn't…," **(Exhibit H, PageID.4640)** which is not something any person could ever assess based upon reading a transcript. Judge Ludington further stated that Defendant could not be held responsible for Bruske's actions, though on what basis this is so was not explained. Defendant's counsel provided the documents that substantiated that the testimony was indeed false. These documents further contradict Bruske's sworn testimony. Yet Judge Ludington dismissed Petitioner's motion to show cause, citing the Magistrate Judge's comment that there was "not even an indicia" that her statements constituted perjury. *See Order Overruling Plaintiff's Objections and Adopting Magistrate's Order*, **(Exhibit H, PageID.4633)**. The court made no effort to reconcile the content of the emails with Bruske's deposition or to acknowledge that "I don't remember" was not what she actually said—she repeatedly denied any such participation.

Meanwhile, Judge Ludington continues to supervise summary judgment, cancel hearings and has invited supplemental briefing on contempt, even as his impartiality remains in question.

---

[4] **Exhibit I (Bruske Dep. At 192:19-25)**

6

**(Exhibit J)** **(Exhibit K)**. Plaintiff further attaches the most recent orders, including one in which the Court stated that Plaintiff had an obligation to identify which portions of a transcript were not confidential, rather than the actual legal standard, which is that it is entity seeking protection that has an obligation to demonstrate why its designations are entitled to protection. **(Exhibit H)**. Plaintiff's motion to recuse Judge Ludington, under 28 U.S.C. § 455, further elucidates that Judge Ludington has granted summary judgment on 100% of the discrimination claims against Dow that have ever proceeded to that point **(Exhibit L)**.

## VI.    ARGUMENT

Under § 144, Judge Ludington was required to step aside once Petitioner filed a timely and legally sufficient affidavit. The standard is objective: would a reasonable person, knowing the facts alleged, question the judge's impartiality? *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *Union Carbide Corp. v. U.S. Cutting Serv., Inc.*, 782 F.2d 710, 716 (7th Cir. 1986).

The facts alleged in Petitioner's affidavit—being the son of the former Chairman and CEO of Dow Corning, sanction threats only against Plaintiff of her counsel while excusing rule violations by Dow and its counsel, characterizing the mental state of individuals associated with Defendant to only be positive, and a refusal to address clear contradictions in the record—easily meet that standard. Judge Ludington's response, however, has been to disregard the declaration entirely and continue issuing orders, canceling hearings, and making rulings on witness credibility and the propriety of internal Dow records. These rulings directly prejudice Plaintiff and her right to due process and undermine confidence in the court's neutrality.

7

The statute is explicit: once a sufficient affidavit is filed, "the judge shall proceed no further." *See Berger*, 255 U.S. at 36. A judge has no discretion to evaluate the truth of the allegations. *See Balistrieri*, 779 F.2d at 1200–01.

Judge Ludington has done exactly what the statute forbids. Rather than refer the matter or step aside, he has continued overseeing discovery, ruling on objections, upholding prior sanctions, and overseeing dispositive motions. This is not a harmless error. It is a continuing violation of law that affects the integrity of the proceedings and deprives Petitioner of the right to a neutral arbiter.

There is no other remedy. Appeal after final judgment cannot cure the damage caused by a judge's refusal to disqualify when required. *See In re School Asbestos Litig.*, 977 F.2d 764, 786 (3d Cir. 1992) ("Bias or the appearance of bias infects all rulings and taints the entire proceeding."). The only mechanism to prevent that harm is mandamus.

## VII. CONCLUSION

Petitioner submits that Judge Ludington is statutorily disqualified under 28 U.S.C. § 144, because his father was the Chairman and CEO of Defendant, and his demonstrated pattern of dismissing 100% of the discrimination claims brought against Dow since he has been on the federal bench reflects the bias that any reasonable person would expect him to have under the circumstances. His refusal to recuse has caused to Petitioner's right to a fair proceeding. Continued rulings—particularly on matters of sanctions, summary judgment, and contempt—are unauthorized and unlawful.

Petitioner respectfully requests that this Court issue a writ of mandamus ordering Judge Ludington to recuse himself and to have the case reassigned to another judge in accordance with Federal Rule of Appellate Procedure 21 and 28 U.S.C. § 144.

Dated: May 28, 2025                                 Respectfully submitted,

                                                    *Carla D. Aikens* (P69530)
                                                    Carla D. Aikens, PLC
                                                    615 Griswold St., Suite 709
                                                    Detroit, MI 48226
                                                    (844) 835-2993
                                                    carla@aikenslawfirm.com
                                                    *Attorneys for Petitioner*


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as directed on the pleadings on May 28, 2025, by:

/s/ *Mykelin Izeluk*

9