IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| TODD A. SARTI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:25-cv-12744 |
| Plaintiff, | ) ) ) | CLASS ACTION |
| v. | ) ) ) | Honorable Thomas L. Ludington District Judge |
| DOW INC., THE DOW CHEMICAL COMPANY, JIM FITTERLING, JEFFREY L. TATE, AND KAREN S. CARTER, | ) ) ) ) | Honorable Patricia T. Morris Magistrate Judge |
| Defendants. | ) ) | |

**REPLY BRIEF IN FURTHER SUPPORT OF
LEAD PLAINTIFF'S MOTION TO STAY ACTION**

Thomas C. Michaud (P46787)
VANOVERBEKE, MICHAUD & TIMMONY, P.C.
79 Alfred Street
Detroit, Michigan 48201
Telephone: 313/578-1200
313/578-1201 (fax)
*tmichaud@vmtlaw.com*

*Local Counsel*

Samuel H. Rudman
Michael G. Capeci
Magdalene Economou
ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road
Suite 200
Melville, New York 11747
Telephone: 631/367-7100
631/367-1173 (fax)
*srudman@rgrdlaw.com*
*mcapeci@rgrdlaw.com*
*meconomou@rgrdlaw.com*

*Lead Counsel for Lead Plaintiff*

March 6, 2026

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................1

II.     ARGUMENT ......................................................................................................2

III.    CONCLUSION....................................................................................................7

Lead Plaintiff respectfully submits this reply to Defendants' opposition ("Opposition" or "Opp.", ECF No. 27) to Lead Plaintiff's motion to stay ("Motion" or "Mot.", ECF No. 25).[1]

## I.    INTRODUCTION

As explained below, nothing in the Opposition supports denying the Motion. If anything, the press release issued on February 23, 2026 – *after* the Motion was filed – by the District Court (E.D. Mich.) concerning this Court (the "Press Release"; Ex. 1) cited in the Opposition (Opp. at 3, PageID.602) further supports a stay. The Press Release amplifies Lead Plaintiff's reason for filing the Motion, which is to clarify which judge will preside in this action. For the same reasons articulated in the Motion, this action should not proceed until this Court returns from its voluntary leave, even if the *Jones* mandamus petition is resolved in the meantime. Thus, Lead Plaintiff respectfully submits that this action be stayed until this Court returns *and* the *Jones* mandamus petition is resolved. Consistent with the Motion, Lead Plaintiff is prepared to file an amended complaint on March 31, 2026, if the *Jones* mandamus petition is resolved *and* this Court returns by then. Thereafter, Lead Plaintiff is prepared to file an amended complaint within two weeks of *both* matters resolving.

---

[1]   All capitalized terms not otherwise defined herein have the same meanings as used in the Motion and in the Opposition.  All references to numerical exhibits are to the exhibits listed in Lead Plaintiff's Index of Exhibits attached hereto.

As alternative relief, and to remedy Defendants' baseless accusation that Lead Plaintiff is seeking a procedural advantage because of the *Jones* mandamus petition (and, presumably, the Press Release) – both circumstances outside of Lead Plaintiff's control – Lead Plaintiff respectfully requests that this action be reassigned to a Southern Division judge pursuant to Local Rule 83.11(b)(2). If that occurs before March 31, 2026, Lead Plaintiff will abide by the motion schedule proposed by Defendants (Opp. Ex. A, PageID.610-11), and this action can proceed without any delay or need for a stay.

## II.    ARGUMENT

The Opposition asserts three arguments for why Lead Plaintiff's requested stay should be denied, each of which lack merit.

*First*, Defendants incorrectly fault Lead Plaintiff for not moving to stay earlier. Opp. at 2-3, PageID.601-602. As Defendants are aware, Lead Plaintiff had no authority to act on behalf of the putative class in this action until being appointed as such on January 30, 2026. That is why, on November 19, 2025, Defendants entered into a scheduling stipulation with the original plaintiff in this action, and not Lead Plaintiff. Mot. Ex. B. Defendants do not contest that by no later than February 3, 2026 – two business days after being appointed – Lead Plaintiff informed Defendants that this action should be stayed in light of the *Jones* mandamus petition. Mot. at 4, PageID.523. Thus, Lead Plaintiff's motion is timely.

- 2 -

*Second*, Defendants incorrectly argue that this Court stayed the Stayed Cases only because motions were pending in all of the Stayed Cases, and there must be fully briefed motions pending for a stay to be implemented.   Opp. at 4-6, PageID.603-05.  Not so.  Tellingly, the Opposition ***does not substantively address*** the stay order for the Stayed Cases (Mot. Ex. A) ***at all***.  Opp. at 5, PageID.604. Instead, the Opposition focuses on an earlier order (Opp. Ex. D)[2] that was superseded by the stay order for the Stayed Cases.  Mot. Ex. A at 1, PageID.533 ("This ***clarifying*** order does just that.").[3]  That earlier order cannot invalidate this Court's later finding that "it would be improper for the undersigned to proceed in any of the above-captioned cases until the issue of recusal is first resolved." *Id.*, PageID.534.  In fact, the earlier order recognizes the underlying problem with having cases involving Dow proceed before this Court until the *Jones* mandamus petition is resolved: If the Sixth Circuit orders recusal, this Court "would need to recuse himself on each of the nine cases listed above, and seemingly all current and future cases involving Dow Chemical Company, or any of its subsidiaries." Opp. Ex. D at 3, PageID.665.  Thus, the earlier order also supports granting a stay.

---

[2]   Defendants' counsel erred in submitting the Opposition exhibits by mislabeling them (*i.e.*, what should be Exhibit D on ECF has a cover sheet that reads "Exhibit C").  *See* ECF No. 27-5.  For consistency, Lead Plaintiff cites the Opposition exhibits using the lettering in Defendants' Index.  ECF No. 27-1.

[3]   All emphasis is added unless otherwise noted.

Moreover, Defendants conveniently ignore that this Court's stay of the Stayed Cases has been expanded to other cases before this Court involving Dow, including *Archbold v. The Dow Chemical Company*, No. 1:25-cv-12134 (E.D. Mich. July 14, 2025) ("*Archbold*").    In *Archbold*, Dow's counsel in this action is (again) representing the Company.  Ex. 2.  Like here, no motion was pending in *Archbold* when this Court stayed it and only an initial complaint had been filed.  *Id.* at 2-3.  As should happen here, *Archbold* is subject to the stay order for the Stayed Cases, notwithstanding that no motions have been filed, let alone fully briefed.  *Id.* at 2.

Even more egregious is Dow's failure to acknowledge that in one of the Stayed Cases, *Yu v. The Dow Chemical Company*, No. 1:25-cv-11478 (E.D. Mich. May 19, 2025) ("*Yu*"), ***Dow's counsel in this action acknowledged that because "this matter had been stayed" there was no reason for plaintiff Yu to "file a response to Defendants' motion to dismiss pending the stay of proceedings."***  Ex. 3 at 2.  Dow's position in *Yu* – that parties should ***not*** fully brief motions while the *Jones* mandamus petition is pending – runs directly counter to its argument in this action that the parties should expend substantial effort filing an amended complaint and briefing a motion to dismiss and only then seek a stay.  Opp. at 5-6, PageID.604-05.  Unsurprisingly, the Opposition cites no case law (let alone controlling authority) for Defendants' invented standard that a motion needs to be fully briefed and pending before a stay can be issued.

- 4 -

Shorn of their motion pendency argument, Defendants weakly argue that there will be no judicial economy to staying this action until the *Jones* mandamus petition is resolved.  Opp. at 5-6, PageID.604-05.  But the very existence of this Court's order staying the Stayed Cases (plus *Archbold*) proves otherwise.  Mot. Ex. A.

*Third*, even though Dow has not advanced a prejudice argument in the Stayed Cases (or *Archbold*) for over seven months, Defendants argue that they "will suffer significant prejudice if this case is stayed now" because a stay would give Lead Plaintiff "an indefinite amount of time to prepare" an amended complaint.  Opp. at 6-7, PageID.605-06.  However, Defendants fail to explain (nor cite any case law to support) why the amount of time a plaintiff has for an amended complaint constitutes **any** prejudice, let alone sufficient prejudice to warrant denying a stay.  *Id.*

The stay in the Stayed Cases (and *Archbold*) is presently allowing those plaintiffs more time to develop their claims, but Dow has never objected to the stays of those cases at all, let alone on that basis.  And Defendants ignore that Lead Plaintiff has been diligently preparing the amended complaint since the filing of his lead plaintiff motion on October 28, 2025 – *i.e.*, over four months ago.  Defendants will hardly be prejudiced under these circumstances.[4]

---

[4]   In attempting to distinguish the cases cited by Lead Plaintiff where this Court has issued stays other than in the Stayed Cases (Opp. at 7, PageID.606), Defendants cannot avoid that this Court has repeatedly recognized that an expected ruling from the Sixth Circuit is a legitimate basis for a stay.  Mot. at 5, PageID.524.  So too here.

Further, in *Yu*, Dow agreed that the stay would allow plaintiff Yu to have an indefinite amount of time to oppose Dow's motion to dismiss. Ex. 3 at 1. Under Local Rule 7.1(e)(2)(B), Dow will only have 14 days to file a reply to that opposition, even though plaintiff Yu has had nearly 7.5 months (and counting) to prepare an opposition. Dow has never claimed prejudice in *Yu*. Here, however, Defendants argue that they are prejudiced because granting the requested stay will mean less time for their motion to dismiss than Lead Plaintiff had to prepare the amended complaint. Opp. at 6, PageID.605. That rings hollow given Dow's position in *Yu*. Ex. 3 at 1. And, as indicated in the Motion, Lead Plaintiff seeks the same amount of time to oppose the motion to dismiss as Defendants will have to file the motion to dismiss. Mot. at 2, PageID.521.

At bottom, Lead Plaintiff is eager to vigorously prosecute this action and present his claims to a jury. As this Court has recognized, cases involving Dow can proceed in the Southern Division of this District, and not just in the Northern Division. Opp. Ex. D at 1 n.1, PageID.663. Thus, as an alternative to the requested relief, and to allay Defendants' concern about any procedural advantage, Lead Plaintiff respectfully requests that, pursuant to Local Rule 83.11(b)(2), this action be promptly reassigned to a Southern Division judge and the proposed schedule outlined in the Motion be deemed operative. Mot. at 2, PageID.521; Opp. Ex. A.

## III.   CONCLUSION

For the reasons stated in the Motion and herein, Lead Plaintiff respectfully requests that this action be stayed pending: (1) resolution of the *Jones* mandamus petition; and (2) this Court's return from its voluntary leave of absence.  Or, in the alternative, Lead Plaintiff respectfully submits that this action should be promptly reassigned to a Southern Division judge.

DATED: March 6, 2026                    Respectfully submitted,


                                        */s/ Michael G. Capeci*
                                        Michael G. Capeci
                                        ROBBINS GELLER RUDMAN &
                                        DOWD LLP
                                        (Additional counsel listed on cover)

                                        *Lead Counsel for Lead Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, I authorized the electronic filing of the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

/s/ Michael G. Capeci
MICHAEL G. CAPECI